OPINION *Page 2 
{¶ 1} Appellants, Ruth Jean Stefanich, individually and as the Executrix of the Estate of William J. Stefanich, appeal the decision of the Licking County Court of Common Pleas granting summary judgment in favor of appellee Ohio Power Company in this dispute over the movement of utility poles and wires upon certain property.
 {¶ 2} Appellants own property along State Route 79 in Union Township and the Village of Hebron. Ohio Power Company ("Ohio Power") has held an easement on this property to construct and maintain power lines since 1934. The easement specifically provides that Ohio Power Company has a "right of way and easement" with the following rights: "to construct, erect, operate and maintain a line of poles and wires for the purpose of transmitting electric or other power, including telegraph or telephone wires, in[,] on, along, over, through, or across the following described land situated in Union Township, in the County of Licking, in the State of Ohio, and part of Township No. 1 and Range No. 12 and bounded:"
 {¶ 3} "On the North by the lands of Wesley Brooke"
 {¶ 4} "On the East by the lands of E.W. Eliz. Boner-B.P. Harris"
 {¶ 5} "On the South by the lands of Edward Walters"
 {¶ 6} "On the West by the lands of W.J. Stewart-Roscoe Ida Hoskinson."
 {¶ 7} "Together with the right, to said party of the second part [Ohio Power], its successors and assigns, to place, erect, maintain, inspect, add to the number of, and relocate at will, poles, crossarms of fixtures, and string wires and cables, adding thereto from time to time * * * ".
 {¶ 8} See, Defendant's Motion for Summary Judgment, Ex. A. *Page 3 
 {¶ 9} In approximately 1988, appellants entered into a lease with Barnes Advertising Company. Deposition of Ruth Stefanich, at 13. The lease permitted Barnes to erect and maintain advertising billboards. Id. at 16. The most recent lease agreement was signed in 2002 with a term ending March 31, 2007. Id. Appellants also leased a portion of the property to Slater Brothers Farm LLC for farming. Id. at 17. The lease with Slater Brothers remained the same after the relocation of the power lines. Id. at 19-20.
 {¶ 10} In 2001 and 2002, ODOT planned to widen State Route 79 in Licking County. Jason Sturgeon Affidavit ¶ 2. As a result of this plan, ODOT required Ohio Power to move its power line. Id. ¶ 5. ODOT paid appellants approximately $35,000.00 to appropriate a portion of their property for this project. Stefanich Depo. at 23. Ohio Power submitted relocation plans to ODOT. Sturgeon Affidavit ¶ 6. In all of the plans Ohio Power submitted, the power lines were relocated to minimize encroachment on private property and ODOT's right of way. Tracy Wintermute Affidavit ¶ 6. The relocation plan indicated the power lines would be located above billboards on appellants' property. Id. ¶ 8.
 {¶ 11} In June of 2003, ODOT approved Ohio Power's relocation plans. Sturgeon Affidavit ¶ 11. Ohio Power relocated the power lines in accordance therewith.
 {¶ 12} Appellants were aware the relocation of the power lines was due to the road widening. Stefanich Depo. at 21. Appellant was alarmed by the location of the power lines in relation to the billboards. Id. at 26-27.
 {¶ 13} Appellants filed suit. Shortly thereafter, Mr. Stefanich died. One month later, Mrs. Stefanich was told that one of Mr. Barnes' employees, a Dustin Price, was *Page 4 
electrocuted while working on a billboard. Stefanich Depo. at 27, 39-40. The record does not contain further details about this incident.
 {¶ 14} In January 2005, appellants filed an amended complaint against American Electric Power Company, Inc., American Electric Power Service Corporation and Ohio Power Company raising claims of negligence, breach of contract, intentional interference with contractual relationships, and injunctive relief. American Electric Power Company, Inc. and American Electric Power Service Corporation were dismissed from the case. Ohio Power filed a Motion for Summary Judgment arguing appellants failed to provide evidence of damages. Appellants opposed the motion.
 {¶ 15} The trial court granted the Motion for Summary Judgment citing appellants' failure to show evidence of damages. Specifically, the trial court found "[s]ince the relocation of power lines, Plaintiffs have not changed any terms of their leases with Barnes and Slater. The leases with both businesses have remained in effect, and Plaintiffs have received all monies due under the leases." Judgment Entry dated February 28, 2007, at 2. Additionally, the trial court noted "[i]n Plaintiff Stefanich's deposition, she admitted that OPCo did not cause any damage to Plaintiffs' real property when it relocated the power lines. (Stefanich Depo. at 35-36.) Further, Plaintiffs stated in their memorandum in opposition that the lease agreements with Barnes and Slater are still in effect, and both lessees have continued to make regular payments. Plaintiffs also stated that they have been compensated by ODOT for the taking of their portion of real estate." Id. at 4. *Page 5 
 {¶ 16} The trial court filed a nunc pro tunc judgment entry on March 5, 2007, incorporating the first judgment entry and finding that the order was final and appealable without just cause for delay. Appellant then appealed.
 {¶ 17} Appellant raises a single Assignment of Error:
 {¶ 18} "I. THE TRIAL COURT COMMITTED ERROR BY ITS FAILURE TO CONSIDER AND DETERMINE THE REASONABLENESS OF OHIO POWER COMPANY'S ACTIONS IN THE MOVEMENT AND PLACEMENT OF POLES AND WIRES IN CONNECTION WITH THE WIDENING OF A PUBLIC HIGHWAY. THE TRIAL COURT COMMITTED ERROR IN GRANTING OHIO POWER COMPANY'S MOTION FOR SUMMARY JUDGMENT."
 Standard of Review {¶ 19} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 20} Civil Rule 56 (C) states in part:
 {¶ 21} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Page 6 
 {¶ 22} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 23} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 I. {¶ 24} Appellant argues that the trial court erred in granting appellee's motion for summary judgment because it failed to consider the reasonable use of the easement by Ohio Power.
 {¶ 25} In the amended complaint, Appellants asserted claims of negligence, breach of terms of the easement and intentional interference with contractual relationships against Ohio Power. Each of these claims has as a common element a requirement to establish damages.
 {¶ 26} In a negligence case, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered harm; *Page 7 
and (4) the harm was proximately caused by defendant's breach of duty.Mussivand v. David (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.
 {¶ 27} The breach of terms of an easement is analogous to a breach of contract claim. A breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." (Citations omitted);Kenty v. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, paragraph two of the syllabus.
 {¶ 28} Appellants alleged Ohio Power breached the terms of the easement by failing to pay damages to ". . . repair or replace all fences, gates, drains and ditches injured or destroyed by it on said premises or pay grantor all damages done to the fences, drains, ditches, crops and stock on the premises herein described by the construction, operation and maintenance of said lines". Plaintiffs' Amended Complaint, ¶ 9.
 {¶ 29} In order to recover on a claim of intentional interference with a contractual relationship, plaintiff must prove "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." Ackerman v. Tri-CityGeriatric Health Care (1978), 55 Ohio St.2d 51, 56.
 {¶ 30} To prevail on each of these claims, appellants must show they suffered damages. Appellants admitted they have not suffered any property damage. Defendant's Motion for Summary Judgment, Ex. E., Plaintiffs' Answer to Interrogatory *Page 8 
No. 11. Although Mrs. Stefanich testified that appellants were "alarmed" by the close distance between the power lines and billboards and "fearful" it would be dangerous to someone working on the billboards, the lease agreements between Barnes and Slater remained in effect and unchanged and appellants were still receiving the same payments. Stefanich Depo. 19-20 and 26-27. In addition, appellants were compensated by ODOT for the taking of a portion of their real estate for the widening of the road. Id. at 23. Accordingly, appellants have failed to demonstrate the existence of a genuine issue of material fact as to an essential element of the claims of negligence, breach of contract or interference with contractual relationships. Summary judgment on these claims therefore was appropriate.
 {¶ 31} Next, appellants sought to invoke the trial court's equitable jurisdiction by seeking injunctive relief. Courts, in determining whether to grant injunctive relief, take into consideration the following four factors: (1) the likelihood of a plaintiff's success on the merits, (2) whether the issuance of the injunction will prevent irreparable harm to the plaintiff, (3) what injury to others will be caused by the granting of the injunction, and (4) whether the public interest will be served by the granting of the injunction. Corbett v.Ohio Bldg. Auth. (1993), 86 Ohio App.3d 44, 49, 619 N.E.2d 1145.
 {¶ 32} Appellants alleged "[u]nless Defendants are restrained from the movement and placement of their power lines and poles in a manner that will continue to damage said property and interfere with said contracts, the Plaintiffs will be irreparable damaged". Plaintiffs' Amended Complaint, ¶ 21.
 {¶ 33} An easement is "the grant of a use on the land of another".Alban v. R.K. Co. (1968), 15 Ohio St.2d 229, 231, 44 O.O.2d 198, 200,239 N.E.2d 22, 24. "An *Page 9 
easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable use of the easement".Ohio Power Co. v. Bauer (1989), 60 Ohio App.3d 57, 60 (although the grant of access for maintenance and control of power lines and towers is indefinite, global, and allows for access over the entire dominant property, the court must determine rights of competing interests).
 {¶ 34} All occurrences on an easement do not entitle the easement holder to damages. "The proper test would be to determine whether the existence of the object or activity within the rights-of-way, for which compensation is claimed, represents the exercise by the property owner of a retained property right or an infringement upon the easement-holder's rights". Rueckel v. Texas Eastern Transm. Corp.
(1981), 3 Ohio App.3d 153, 159, 444 N.E.2d 77. "Therefore, the property of the owner of the easement is taken from him not necessarily when the adverse party occupies the land, but only when he prevents or interferes with the owner's use of the easement." Id. at 159. As we noted inBaurer, supra, "[a]s in most easement agreements, both parties have legitimate interests in the enjoyment of the rights reserved to each. It is an ongoing relationship". Baurer, supra, at 60.
 {¶ 35} Once a party invokes a trial court's equitable jurisdiction by seeking an injunction, the trial court possesses discretionary authority to weigh the parties' competing interests and exact an equitable division of their property rights. Murray v. Lyon (1994),95 Ohio App.3d 215, 221, 642 N.E.2d 41,45, citing Bauer, supra. We will not reverse a determination rendered pursuant to the court's equity jurisdiction absent an abuse of discretion. Crane Hollow v. Marathon Pipeline (2000),138 Ohio App.3d 57, *Page 10 
69, 740 N.E.2d 328, 337 (citations omitted). A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably. Id.
 {¶ 36} Appellants correctly assert the easement at issue requires the utility to use reasonableness in exercising any easement rights and that reasonableness of use is ordinarily a question for the trier of fact, citing Bayes v. Toledo Edison, Lucas Cty. App. Nos. L-03-1177,2004-Ohio-5752.
 {¶ 37} However, in this case, the trial court denied injunctive relief to appellants because it did not find sufficient evidence of injury to appellants' use of their property. In reviewing the facts of this case, we find that appellants have failed to put forth evidence that Ohio Power harmed, damaged, or interfered with appellants' use and enjoyment of its retained property rights. Appellants conceded Ohio Power did not damage any realty or cause any monetary loss under appellants' lease agreements with Barnes or Slater Brothers.
 {¶ 38} Based upon the evidence before it, the trial court properly determined appellants' property interests were not harmed by Ohio Power. Accordingly, we find the trial court did not abuse its discretion in denying injunctive relief to appellants. *Page 11 
 {¶ 39} The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Hoffman, J. concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellants. *Page 1