JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this appeal, plaintiffs-appellants, DPLJR, Ltd. and Donald P. Lewis, Jr. (collectively referred to as "Lewis"), appeal from the judgment of the Cuyahoga County Court of Common Pleas which granted the motion for summary judgment of defendants-appellees, Fran Canzone ("Canzone") and Howard Hanna/Smythe Cramer, Debbie Garson and Paul Paratto (collectively referred to as "Howard Hanna" or "defendants"). For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following facts: In January 2007, Canzone and her brothers and sisters inherited property located at 5979B Halle Farm Drive, Unit 21, Willoughby, Ohio. The property was listed for sale with Howard Hanna and Paul Paratto. The backyard/patio of the property was advertised as "private."
 {¶ 3} In May 2007, Lewis made an offer to purchase the property based upon the "sylvan, pastoral and private setting" of the property. The parties subsequently entered into a real estate purchase agreement for the property.
 {¶ 4} Concurrently with the negotiation and purchase of the property, the Lithuanian Center, which was directly adjacent to the property, was seeking approval from the Planning Commission of the City of Willoughby for the construction of a new three-story building.
 {¶ 5} On June 29, 2007, Lewis filed a complaint against Canzone and Howard Hanna seeking compensatory damages and rescission of the purchase agreement. In the complaint, Lewis brought breach of contract and fraudulent and *Page 5 
negligent misrepresentation claims against all of the defendants and a breach of fiduciary duty claim against Howard Hanna, Paratto, and Garson. Lewis claimed that the defendants falsely represented that the backyard/patio setting was sylvan and private when, in fact, they knew that an extension to the Lithuanian Center was being proposed. Thus, Lewis claimed that the defendants fraudulently or negligently misrepresented the private nature of the backyard. Lewis claimed that these misrepresentations occurred through the literature provided by Howard Hanna (brochure that the property had a "PrivatePatio!") (emphasis in the original document) and representations from all defendants that the property was sylvan, pastoral and private. Lewis asserted that the defendants intentionally made this representation, knowing that the Lithuanian Center was proposing an addition that would impact the privacy of his backyard and patio. Lewis claimed that this representation was material to his decision to buy the property and that all parties were aware of his desire to have a sylvan, pastoral and private setting. Lewis claimed that the defendants failed to disclose the plans that the Lithuanian Center had for a three-story building, dumpster, and turn-around driveway adjacent to the property. On July 12, 2007, the Lithuanian Center withdrew its application for any changes to its property.
 {¶ 6} On November 9, 2007, the defendants filed a joint motion for summary judgment arguing caveat emptor and/or that no justiciable issue exists, since the Lithuanian Center withdrew its proposal. Lewis opposed the motion. *Page 6 
 {¶ 7} On December 18, 2007, the trial court granted the motion for summary judgment without opinion.
 {¶ 8} Lewis timely appeals and raises two assignments of error for our review.
 {¶ 9} "I. The trial court erred in granting the defendants-appellees' motion(s) for summary judgment."
 {¶ 10} In his first assignment of error, Lewis claims that the trial court erred in granting summary judgment in favor of Howard Hanna because genuine issues of material fact existed.
 {¶ 11} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120,413 N.E.2d 1187.
 {¶ 12} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C). *Page 7 
 {¶ 13} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant. Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner, 67 Ohio St.3d 337, 340,1993-Ohio-176. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Id.
 {¶ 14} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Howard Hanna's favor was appropriate.
 {¶ 15} In his complaint against Howard Hanna, Lewis asserted claims of breach of contract, fraud, negligence, and breach of fiduciary. Each of these claims has as a common element a requirement to establish damages.
 {¶ 16} In an action for breach of contract, the plaintiff has the burden of proving four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. Jarupan v. Hanna, 173 Ohio App.3d 284,2007-Ohio-5081. *Page 8 
 {¶ 17} In a case for fraud or fraudulent misrepresentation, the plaintiff must prove that: (1) a representation or, where there is a duty to disclose, concealment of fact; (2) material to the transaction; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Cohen v. Lamko (1984), 10 Ohio St.3d 167, 169; Burr v. StarkCty. Bd. of Commrs. (1986), 23 Ohio St.3d 69.
 {¶ 18} In a negligence case, the plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached the duty; (3) the plaintiff suffered harm; and (4) the harm was proximately caused by defendant's breach of duty. Mussivand v. David (1989),45 Ohio St.3d 314, 318.
 {¶ 19} The breach of fiduciary duty is analogous to a breach of contract claim and requires: (1) the existence of a fiduciary duty; (2) the failure to observe the duty; and (3) an injury resulting proximately therefrom. Strock v. Pressnell (1988), 38 Ohio St.3d 207, 216.
 {¶ 20} To prevail on each of these claims, Lewis must show that he suffered damages. However, it is undisputed that the Lithuanian Center withdrew its application to build a three-story addition and has no plans to seek such approval in *Page 9 
the future.[1] Accordingly, the property at issue is still private and provides the same open and sylvan setting that Lewis wanted.
 {¶ 21} The fact of the matter is that even assuming that Lewis could establish that the defendants' actions, or inactions, constituted fraud, fraudulent misrepresentation, breach of contract, or fell below the appropriate standard of care, he cannot show that this alleged behavior harmed, damaged, or impacted his enjoyment and use of the property. Rather, Lewis' property is in the exact condition described to him prior to his purchase: sylvan, pastoral and private. Accordingly, Lewis has failed to demonstrate the existence of a genuine issue of material fact as to an essential element of each of his claims. See Stefanich v. Am.Elec. Power Co., Licking App. No. 07 CA 0045, 2007-Ohio-6108. Therefore, summary judgment on these claims was appropriate and Lewis is not entitled to damages or rescission of the purchase agreement.
 {¶ 22} The first assignment of error is overruled.
 {¶ 23} "II. The trial court erred in denying the plaintiffs-appellants' motion to strike and motion for leave to supplement brief in opposition."
 {¶ 24} In his second assignment of error, Lewis claims that the trial court erred in denying his motion to strike the minutes from the Willoughby Planning Commission meeting attached to Howard Hanna's motion for summary judgment and motion for leave to supplement his brief in opposition. *Page 10 
 {¶ 25} The minutes of the Willoughby Planning Commission, which show that the Lithuanian Center withdrew its application to build a three-story addition, were properly certified by the Secretary of the Planning Commission. Accordingly, the trial court did not err in denying Lewis' motion to strike them from the record. In addition, the deposition testimony of Donna Cipkus, Director of the Lithuanian Center, which Lewis produced, confirmed the withdrawal of the application and Ms. Cipkus' statements that the center has no plans to seek such approval in the future. Accordingly, the trial court did not err in denying Lewis leave to supplement his brief in opposition.
 {¶ 26} The second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and KENNETH A. ROCCO, J., CONCUR
[1] Donna Cipkus deposition at Tr. 45-46, 53, 59, 68. *Page 1