[Cite as *Worldwide Motor Sales Ltd. v. Young*, 2023-Ohio-1897.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

WORLDWIDE MOTOR SALES LTD.,      :

    Plaintiff-Appellant,      :

                              No. 112015

    v.      :

DONALD YOUNG, ET AL.,      :

    Defendants-Appellees.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  June 8, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-940536

---

***Appearances:***

Thomas L. Colaluca, *for appellant*.

Rolfes Henry Co., LPA, and James J. Birch, *for appellees*.

LISA B. FORBES, J.:

{¶ 1}   Worldwide Motor Sales Ltd. ("Worldwide") appeals from the trial court's judgment in favor of Donald Young ("Young") and Proper Attire Transportation, Inc. ("Proper") (collectively, "Appellees"), in this breach-of-contract case.  After reviewing the facts of the case and pertinent law, we reverse the lower court's judgment.

## I. Facts and Procedural History

{¶ 2} On November 23, 2020, Worldwide filed a complaint against Young and Proper alleging breach of contract, civil theft, conversion, constructive trust, and equitable lien. Worldwide attached to the complaint, as Exhibit A, a copy of a document titled "Bill of Sale of Trailer," which articulates the terms for the purchase of a specific 2020 Sun Country trailer for $64,500 (the "Agreement"). Pertinent to this appeal, the Agreement states the following: (1) "IN CONSIDERATION OF the sum of $64,500.00 USD, * * * paid by cash, the receipt of which consideration is acknowledged, [Proper] SELLS AND DELIVERS to [Worldwide] the * * * trailer * * *"; and (2) "Title will be mailed within 15-20 business days."

{¶ 3} Worldwide filed a motion for summary judgment on Count one, breach of contract. According to Worldwide, Young and Proper "failed to transfer title to the Trailer or refund the funds used to purchase the Trailer * * *." Young and Proper responded, seeking an order denying Worldwide's motion and requesting judgment be entered in their favor. According to Young and Proper, "payment was never made by [Worldwide] to Defendant for the Trailer."

{¶ 4} On August 16, 2022, the court issued a journal entry that states:

Judgement rendered in favor of defendant [Young] and [Proper].

In conjunction with the Allen County Court of Common Pleas Case No. CV-2020-0398 and Cuyahoga Court of Common Pleas No. CV-20-939787, all claims amongst the parties have been litigated and resolved.

[Worldwide's] claims hereby dismissed as a matter of law.

**{¶ 5}** It is from this order that Worldwide appeals, raising three assignments of error.

> I.    The trial court erred by granting Defendants/Appellee's counter-motion and denying the appellant's motion for summary judgment.

> II.    As a matter of law, the trial court erred in denying the Appellant's motion for summary judgment and grating [sic] the Appellee's counter-motion.

> III.    The trial court erred in applying the Allen [sic] ALLEN COUNTY COURT OF COMMON PLEAS CASE NO. CV-2020-0398 * * * to the case at bar.

## II.    Law and Analysis

### A.    Summary Judgment

**{¶ 6}** Appellate review of a trial court's decision granting summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that (1) there is no genuine issue of material fact; (2) they are entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

**{¶ 7}** If the party moving for summary judgment meets its burden under Civ.R. 56(C), "the nonmoving party has a reciprocal burden to point to evidence of specific facts in the record that demonstrate the existence of a genuine issue of material fact for trial." *United States Bank Natl. Assn. v. O'Malley*, 2019-Ohio-5340, 150 N.E.3d 532, ¶ 11 (8th Dist.). "Where the nonmoving party fails to meet this burden, summary judgment is appropriate." *Id*.

## B. Breach of Contract

{¶ 8} As stated, Worldwide's motion for summary judgment addressed only its claim for breach of contract. Young and Proper's cross-motion likewise related only to Worldwide's breach-of-contract claim. "In an action for breach of contract, the plaintiff has the burden of proving four elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *DPLJR, Ltd. v. Hanna*, 8th Dist. Cuyahoga No. 90883, 2008-Ohio-5872, ¶ 16. This court has additionally held that "[w]here contract language is unambiguous, the contract must be enforced as written, i.e., the court may look only to the plain language of the parties' agreement to determine the parties' rights and obligations." *Vail v. String*, 8th Dist. Cuyahoga No. 107112, 2019-Ohio-984, ¶ 27.

## C. Summary-Judgment Evidence in the Case at Hand

### 1. Worldwide's Summary-Judgment Evidence

{¶ 9} In its summary-judgment motion, Worldwide relied on the following evidence to show that Young and Proper breached the Agreement. Worldwide attached, as exhibit No. 1, Young's verified responses to Worldwide's discovery requests. In the discovery responses, Young admitted that he is an authorized representative of Proper, and that he "entered into an agreement with Steve Long, who represented himself to be an agent of [Worldwide], to sell the Trailer in exchange of payment of $64,500." Asked to "Admit that the signature on Exhibit A is Defendant Donald Young's signature," Young responded, "Denied on the grounds

that the copy of Exhibit A provided with the Complaint is difficult to read and has hand-written notes on it that are not part of the original. Defendant's signature is on 'Defendant Young 89-90.'" Young did not admit or deny that he "never transferred the title" to Worldwide; instead, Young answered that he "never has had possession of the title."

{¶ 10} Exhibit No. 2 to Worldwide's motion for summary judgment is a copy of a two-page document titled "Bill of Sale of Trailer" that is marked "Defendant Young 89" and "Defendant Young 90," the material terms of which are identical to the Agreement attached to Worldwide's complaint as Exhibit A. [1] Both documents state, in the first paragraph, "IN CONSIDERATION OF the sum of $64,500 USD, * * * paid by cash, the receipt of which consideration is acknowledged, [Proper] SELLS AND DELIVERS to [Worldwide] the * * * trailer * * *." According to the Agreement, it was "signed, sealed and delivered" on April 16, 2020, before a witness. The Agreement also states that "Title will be mailed within 15-20 business days."

{¶ 11} Attached as exhibit No. 4 to Worldwide's motion is an affidavit of Worldwide's counsel in this case in which he stated, "The Bill of Sale, marked as Worldwide Exhibit 2, was one of the documents produced and referenced in Defendants' Responses as Young 89."

---

[1] As discussed, our review of these two copies of the Agreement shows that the material terms are identical. There are handwritten notes on Exhibit A to Worldwide's complaint that are not found on Defendant Young 89 and 90. The handwritten notes are immaterial to this case.

{¶ 12} Worldwide's exhibit No. 3 is a journal entry from Cuyahoga C.P. No. CV-20-939787, in which Worldwide, as plaintiff, filed a complaint against Steve Long and Long's Specialized Transport, L.L.C., as defendants. Exhibit No. 3 grants default judgment to Worldwide, finding that the defendants in that case had not made rental payments that were required under a lease for a trailer.

### 2. Young and Proper's Summary-Judgment Evidence

{¶ 13} In their brief in opposition to Worldwide's summary-judgment motion and in support of their cross-motion for summary judgment, Young and Proper stated that they do "not dispute the facts as stated in Plaintiff's Motion for Summary Judgment." Further, they relied on the following evidence to show "one very important fact: payment was never made by [Worldwide, Worldwide's] agent, or anyone else to [Young or Proper] for the Trailer." First, Appellees attached Young's affidavit, which states that "I entered into a Bill of Sale with Mr. Long but despite numerous requests, Steve Long never paid [Proper] or myself any of the agreed upon price of $64,500."[2] Young's affidavit further states that "due to the failure of payment * * * I never provided WorldWide with a certificate of title nor an assignment of certificate of title."

{¶ 14} Second, Young and Proper attached a December 22, 2020 journal entry and order issued in *Proper Attire Transport, Inc. v. 1st Transport, Inc.,* Allen C.P. No. CV 2020 0398. The order directs the sheriff of Allen County to "seize the

---

[2] Young's affidavit is barely legible, and this quote is the court's best attempt at deciphering the document.

property more fully described in Plaintiff's Motion for Order of Possession and accompanying Affidavit, and to deliver said property to Plaintiff * * *." Appellees did not attach the aforementioned motion for order of possession or the accompanying affidavit to its summary-judgment motion.

**D. Analysis**

{¶ 15} Upon review, we find that the evidence submitted by the parties demonstrates that there is no genuine issue of material fact as to whether the parties entered into a contract. Worldwide and Appellees agree that they entered into the Agreement, which expressly states that Proper sold the trailer to Worldwide in exchange for $64,500 paid in cash, "the receipt of which consideration is acknowledged." Proper also agreed to tender title to the trailer to Worldwide within 15-20 business days.

{¶ 16} We find that the terms of the contract are unambiguous.

> The purpose of contract construction is to discover and effectuate the intent of the parties. *Saunders v. Mortensen*, 101 Ohio St. 3d 86, 2004-Ohio-24, ¶ 9, 801 N.E.2d 452. The intent of the parties is presumed to reside in the language they chose to use in their agreement. *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130, 132, 31 Ohio B. 289, 509 N.E.2d 411 (1987). Principles of contract interpretation preclude us from rewriting the contract by reading into its language or terms that the parties omitted. *DDR Rio Hondo, L.L.C. v. Sunglass Hut Trading, L.L.C.*, 8th Dist. Cuyahoga No. 98986, 2013-Ohio-1800, ¶ 23.

*Grigoryan v. MaxOut Sports, L.L.C.*, 2017-Ohio-6982, 94 N.E.3d 1214, ¶ 23 (8th Dist.).

{¶ 17} Young's affidavit claiming Worldwide has not performed under the contract contradicts the plain, clear terms of the contract. "The parol evidence rule

is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract * * *." *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 440, 662 N.E.2d 1074 (1996). *See also Grimmer v. Shirilla*, 2016-Ohio-5423, 76 N.E.3d 363, ¶ 20 (8th Dist.). Under these circumstances, we find that Young's affidavit alone, with its bare assertion that Worldwide did not pay Young or Proper, is insufficient to alter the unambiguous contract.

{¶ 18} The undisputed evidence further demonstrates that Proper breached the Agreement by not tendering the title. Young, the representative of Proper, admitted that neither he nor Proper had possession of the title. They do not dispute that they did not tender the title within 15 to 20 days of when the Agreement was entered into in April 2020.

{¶ 19} Upon review, we find that the trial court erred by granting judgment to Young and Proper and by dismissing Worldwide's claims. Furthermore, we find that the evidence demonstrated that there was no genuine issue of material fact and that Worldwide is entitled to judgment as a matter of law on its breach-of-contract claim.

{¶ 20} Finally, we address the statement in the court's August 16, 2022 journal entry regarding the Allen County case and the other Cuyahoga County case. Upon review, we find the Allen County journal entry and order immaterial to the contract dispute between Young, Proper, and Worldwide that is the subject of the instant case. Young and Proper failed to establish that the Allen County journal

entry concerned Worldwide or the transaction in the Agreement. Likewise, we find that nothing regarding the journal entry in Cuyahoga C.P. No. CV-20-939787 has any relevance to the case at hand.

{¶ 21} Worldwide's first and second assignments of error are sustained. Worldwide's third assignment of error is moot pursuant to App.R. 12(A)(1)(c). The trial court's judgment is reversed, and this case is remanded to the trial court with instructions to grant Worldwide's summary-judgment motion in part regarding the breach-of-contract claim, dismiss Worldwide's remaining claims, deny Young and Proper's summary-judgment motion, and determine the amount, if any, of Worldwide's damages.

{¶ 22} Judgment reversed and case remanded to the trial court for further proceedings consistent with this appeal.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR