JOURNAL ENTRY AND OPINION
{¶ 1} Claire M. Gallo (Gallo) appeals from the decision of the trial court that granted the motion to dismiss her class action complaint under Civ. R. 12(B)(6), filed by Defendants-Appellees, Westfield National Insurance Company, Westfield Insurance Company, American Select Insurance Company, and Ohio Farmers Insurance Company's (collectively referred to as "the companies"). For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} Gallo asserts that under Section IV (Auto Liability), Coverage G (Supplementary Payments), the companies agreed to reimburse certain of the litigation-related expenses she and other purported class members incurred. Based upon these allegations, Gallo attempts to set forth four causes of action. The companies argue that Gallo failed to promptly give notice of her alleged expenses to the companies or their agent, thereby failing to trigger the reimbursement clauses in the policy. The companies further argue that this failure renders her complaint without cognizable claims under Civ. R. 12(B)(6).
 {¶ 3} On February 28, 2008, Gallo filed a four-count complaint alleging breach of contract, bad faith and breach of the covenant of good faith and fair dealing, unjust enrichment/quantum meruit, and seeking declaratory relief.
 {¶ 4} On June 16, 2008, after several leaves to plead, the companies filed their motion to dismiss. *Page 4 
 {¶ 5} On July 10, 2008, Gallo filed her memorandum in opposition to defendants' motion to dismiss, or in the alternative motion for leave to amend complaint.
 {¶ 6} On July 25, 2008, the trial court, without ruling on the plaintiff's motion for leave, granted the companies' motion to dismiss. This appeal followed.
 {¶ 7} Gallo's first assignment of error states:
 "The trial judge erred, as a matter of law, in dismissing the class action complaint for failure to allege a potentially valid claim for relief."
 {¶ 8} An order granting a Civ. R. 12(B)(6) motion to dismiss is subject to de novo review. Perrysburg Twp. v. City of Rossford,103 Ohio St.3d 79, 81, 2004-Ohio-4362. In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint.Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753. When granting a motion to dismiss under Civ. R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling her to relief. Vail v. Plain Dealer Publishing Co.,72 Ohio St.3d 279, 1995-Ohio-187.
 {¶ 9} While Gallo cannot survive a motion to dismiss through the mere incantation of an abstract legal standard, she can defeat such a motion if there is some set of facts consistent with her complaint, which would allow her to recover. See Byrd v. Faber (1991), 57 Ohio St.3d 56;York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143. However, the claims set forth in the complaint must be plausible, rather than conceivable. Bell Atlantic Corp. v. Twombly (2007), 550 U.S. 544, *Page 5 127 S.Ct. 1955. While a complaint attacked by a Civ. R. 12(B)(6) motion to dismiss does not need detailed factual allegations, Gallo's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Id. Factual allegations must be enough to raise a right to relief above the speculative level. Id.
 Count I: Breach of Contract {¶ 10} In Count I of her class action complaint, Gallo alleges that she and other purported class members entered into a standard form motor vehicle insurance policy with the companies, which required them to reimburse them for loss of earnings and travel-related expenses because of attendance at conferences, depositions, arbitrations, mediations, hearings or trial at the companies' request, among other things. (Complaint at ¶ 36.) Gallo and the purported class members alleged that the companies breached the terms of the standard policy contracts by failing in their alleged promise to reimburse them. (Complaint at ¶ 39-40.)
 {¶ 11} The companies argue that Gallo fails to state a cognizable claim for relief because she failed to notify the companies of her alleged expenses. As a result, the companies argue that their duty to perform has not been triggered. They do not dispute that they owe Gallo the incurred expenses; they assert that they have not been notified of the expenses because Gallo has not made a proper demand for payment. On this basis, they urge this court to uphold the dismissal of Gallo's complaint. *Page 6 
 {¶ 12} Gallo asserts, both in her complaint and her brief, that all duties imposed by the policy text have been fully satisfied and because of this, she urges reversal of the motion ruling.
 {¶ 13} In order to state a claim for breach of contract under Ohio law, Gallo must establish: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff. DPLJR, Ltd. v. Hanna, Cuyahoga App. No. 90883, 2008-Ohio-5872. In this case, Gallo alleges that the companies entered into insurance contracts with her and members of her putative class, which obligated the companies to pay her and others purported to be similarly situated for lost wages, salary, travel-related expenses and other sundry expenses such as postage. In her complaint at ¶ 35-40, Gallo alleges to have satisfied all conditions precedent to such payment, including notice, and maintains that the companies have breached these contracts by failing to pay for the above-mentioned losses.
 {¶ 14} Because Gallo has provided the companies with fair notice of this claim and the grounds upon which it rests, she has satisfied the liberal notice pleading requirements set forth in Civ. R. 8, both for herself and on behalf of those purporting to be similarly situated. See, e.g., Kavouras v. Allstate Ins. Co. (N.D. Ohio 2008), No. 1:08 CV 571, at 7. (Citations omitted.) As such, the trial court erred in dismissing the breach of contract claim on this basis.
 Count II: Bad Faith and Breach of the Covenant of Good Faith and Fair Dealing *Page 7 {¶ 15} Under Ohio law, because a fiduciary relationship exists in the context of insurance contracts, the insurer has a duty to act in good faith in handling the claims of the insured. Id., citing Hoskins v.Aetna Lins Ins. Co. (1983), 6 Ohio St.3d 272, 275. Therefore, insureds may pursue a bad faith tort claim against their insurers. Id.
 {¶ 16} The companies argue that Gallo's claim fails because she did not allege that the companies ever received a request for reimbursement from Gallo or the putative class members. Such a request, according to the companies, is "a necessary prerequisite for [the companies] being guilty of a bad faith `refusal to reimburse.'"
 {¶ 17} However, a review of the complaint indicates at ¶ 35-40 that Gallo generally avers and at ¶ 38 specifically avers that she and other putative class members have satisfied all conditions precedent to the insurance contracts. Such an averment is sufficient at this stage of the litigation. Kavouras at 7. Accordingly, the trial court erred in dismissing Gallo's complaint on this basis; the companies' motion to dismiss this count is without merit.
 Count III: Unjust Enrichment/Quantum Meruit {¶ 18} In Ohio, unjust enrichment occurs when a person "has and retains money or benefits which in justice and equity belong to another." Id. at 8, citing Johnson v. Microsoft Corp.,106 Ohio St.3d 278, 286, 2005-Ohio-4985. Restitution is available as a remedy for unjust enrichment when the following factors are established: (1) a benefit is conferred by a plaintiff on a defendant; (2) the defendant knows about the benefit; and (3) the defendant retains the benefit under *Page 8 
circumstances where it is unjust to do so without payment. Hambleton v.R.G. Berry Corp. (1984), 12 Ohio St.3d 179, 183.
 {¶ 19} Unjust enrichment operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another. F LCtr Co. v. H. Goodman, Inc., Cuyahoga App. No. 83503, 2004-Ohio-5856, at ¶ 15, fn. 2, citing University Hosps. of Cleveland, Inc. v. Lynch,96 Ohio St.3d 118, 130, 2002-Ohio-3748. Unjust enrichment cannot exist where there is a valid and enforceable written contract. Id.
 {¶ 20} No party disputes the existence of an underlying insurance contract governing the issues in this case. Indeed, the enforceability of the provisions of the standard form contract, rather than the existence of the contract, are at issue. Because there is no question that an express written contract between Gallo and the putative class members and the companies exists covering the disputed reimbursement provision, Ohio law precludes a claim for unjust enrichment. Appellee's motion to dismiss this claim has merit. The trial court's decision to dismiss this count is therefore upheld.
 Count IV: Declaratory Relief {¶ 21} Because this count is in reality a claim for relief and not a cause of action, a court may only consider the request for relief if Gallo prevails on her substantive claims. See Kavouras at 8 (stating the court would consider a request for equitable relief in the event plaintiff prevailed on his claims). *Page 9 
 {¶ 22} Aside from the exceptions noted below, it is error to dismiss a request for declaratory relief in the complaint at the pleadings stage, especially when it is unclear whether the plaintiff would prevail on her claims.
 {¶ 23} In Ohio, courts are required to issue a judgment declaring the rights or legal relations, or both, of the parties, and it is error to dismiss the complaint for failure to state a claim under Civ. R. 12(B)(6) unless there is no real controversy or justiciable issue between the parties, or where the declaratory judgment will not terminate the uncertainty or controversy, under R.C. 2721.07. Fioresi v. State FarmMut. Auto. Ins. Co. (1985), 26 Ohio App.3d 203.
 {¶ 24} As the court's analysis with respect to Counts I through III indicates, there is clearly a justiciable controversy between the parties. Given the existence of this controversy, and since a ruling under R.C. 2721.07[1] would "not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought," the trial court erred in dismissing Count IV of Gallo's complaint. R.C. 2721.07.
 {¶ 25} Accordingly, we conclude that with the exception of Count III, Gallo's pleadings were sufficient to defeat a motion to dismiss under Civ. R. 12(B)(6). The trial court erred in dismissing counts I, II and IV of the Complaint. We sustain Gallo's first assignment of error in part. *Page 10 
 {¶ 26} In her second assignment of error, Gallo argues as follows:
 "The trial judge abused her discretion in denying Plaintiff an opportunity to amend her complaint to correct the pleading deficiencies identified by the court."
 {¶ 27} The decision of whether to grant a motion for leave to amend a pleading is within the discretion of the trial court. Turner v. CentralLocal School Dist, 85 Ohio St.3d 95, 99, 1999-Ohio-207, citingWilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 121-122, 573 N.E.2d 622, 624. We will not overturn a trial court's ruling on a motion for leave to amend a pleading without first determining that the court abused its discretion. Id. An abuse of discretion requires more than an error of law or judgment, it implies that the court's attitude was arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 28} However, Civ. R. 15(A) provides in part that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served ***." Under Ohio law, this right is absolute; no leave of court is required. See, e.g., Cashelmara VillasLtd. Partnership v. Dibenedetto (1993), 87 Ohio App.3d 809, State exrel. B C Machine Co. v. Indus. Comm., 65 Ohio St.3d 538,1992-Ohio-3200.
 {¶ 29} A motion to dismiss under Civ. R. 12(B)(6) is not a "responsive pleading" for purposes of Civ. R. 15(A), nor is it a pleading pursuant to Civ. R. 7(A). See *Page 11 Steiner v. Steiner (1993), 85 Ohio App.3d 513. When, as here, a motion to dismiss is filed before any responsive pleading, the absolute right to amend is not abated. Id. at 519.
 {¶ 30} Under the facts presented, the civil rules provide Gallo an absolute right to amend her complaint before a responsive pleading is filed. Having already determined that the trial court erred in dismissing the complaint, we also find that the trial court abused its discretion by concomitantly denying Gallo the opportunity to amend her complaint through the underlying dismissal of the action, given the nature of this right under the rules.
 {¶ 31} Because of the existence of this absolute right, we find the companies' reliance on McSweeney v. Jackson (1996), 117 Ohio App.3d 623
and Schweizer v. Riverside Methodist Hosp. (1996), 108 Ohio App.3d 539, are misplaced. These cases are premised on fact patterns wholly distinguishable from the case sub judice: In McSweeney; the appellants did not move to amend the pleadings until appellee's case was closed at trial. Here, the motion for leave was placed before the court at the pleadings stage, indeed before a responsive pleading had even been filed. In Schweizer, the court of appeals found no abuse of discretion when the trial court denied plaintiffs' motion to amend the complaint where the plaintiffs did not specify what amendments they sought to make. In this case, although a motion for leave to amend was pending when the action was dismissed, the trial court never ruled on that motion; its dismissal of the underlying action made such an exercise moot. As such, McSweeney and Schweizer are inapplicable. *Page 12 
 {¶ 32} Appellant's second assignment of error is well taken.
 {¶ 33} Judgment is affirmed in part, reversed in part, and remanded to the trial court for further proceedings.
It is ordered that appellant recover from appellees the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] R.C. 2721.07 states: "Courts of record may refuse to render or enter a declaratory judgment or decree under this chapter if the judgment or decree would not terminate the uncertainty or controversy giving rise to the action or proceeding in which the declaratory relief is sought." *Page 1