KINCAID, Appellant, et al.

v.

ERIE INSURANCE COMPANY, Appellee.

[Cite as *Kincaid v. Erie Ins. Co.*, 183 Ohio App.3d 748, 2009-Ohio-4372.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 92101.

Decided Aug. 27, 2009.

750

Paul W. Flowers Co., L.P.A., and Paul W. Flowers; and Bashein & Bashein, W. Craig Bashein, and John P. Hurst, for appellant.

Weston Hurd L.L.P., Ronald A. Rispo, Shawn W. Maestle, and Carol K. Metz, for appellees.

---

LARRY A. JONES, Judge.

{¶ 1} Plaintiff-appellant, Don Kincaid Jr., appeals the judgment of the trial court granting the motion of defendant-appellee, Erie Insurance Company ("Erie"), for judgment on the pleadings. Finding some merit to the appeal, we affirm in part and reverse in part.

{¶ 2} In 2005, Kincaid was involved in an accident in which his car struck a bicyclist. Erie, Kincaid's insurance agency, provided for his defense when the injured party filed suit. The parties eventually settled the lawsuit.

{¶ 3} In 2008, Kincaid filed a class-action lawsuit against Erie, alleging that the insurer failed to reimburse him for expenses due under his insurance policy. Kincaid alleged that he incurred expenses, such as copy charges, postage, transportation, parking costs, and missed time from work, at the request of Erie and/or the attorneys hired by Erie to represent him. Kincaid sought class certification with respect to all of Erie's insureds that were insured since February 1993 who were covered under similar policies and entitled to such payments. Kincaid alleged claims for breach of contract, bad faith, and breach of the covenant of good faith and fair dealing, and unjust enrichment and sought declaratory relief.

{¶ 4} Erie filed both an answer and amended answer to the complaint. Erie then filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), which Kincaid opposed. In its motion for judgment on the pleadings, Erie argued that it had no affirmative duty to notify its insureds that they would be entitled to reimbursement for expenses, that proposed class members never filed claims with Erie requesting payment for their expenses, and that Kincaid has no standing to sue Erie because he never provided any proof for loss or request for reimbursement. In addition to Kincaid filing his motion opposing the insurer's motion for judgment on the pleadings, he also moved to supplement any deficiencies in his complaint.

{¶ 5} At issue is the portion of the insurance policy covering "Liability Protection." Under the subsection titled "Additional Payments," the policy states:

We will make the following payments in addition to the limit of protection:
\* \* \*

5. Reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit. This includes up to $100 a day for actual loss of earnings.

{¶ 6} The trial court granted Erie's motion, without opinion, and dismissed the case.

{¶ 7} Kincaid now appeals, raising two assignments of error for our review. In his first assignment of error, Kincaid argues that the trial court erred in dismissing the case. In the second assignment of error, Kincaid argues that the trial court erred in denying his motion to file an amended complaint.

## Motion for Judgment on the Pleadings

{¶ 8} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶ 9} We review de novo the common pleas court's decision to grant judgment on the pleadings. *Thomas v. Byrd–Bennett* (Dec. 6, 2001), Cuyahoga App. No. 79930, 2001 WL 1557516, citing *Drozeck v. Lawyers Title Ins. Corp.* (2000), 140 Ohio App.3d 816, 820, 749 N.E.2d 775. Under Civ.R. 12(C), "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 664 N.E.2d 931. Thus, the granting of a judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability. *Walters v. First Natl. Bank of Newark* (1982), 69 Ohio St.2d 677, 23 O.O.3d 547, 433 N.E.2d 608; *Siemientkowski v. State Farm Ins. Co.*, Cuyahoga App. No. 85323, 2005-Ohio-4295, 2005 WL 1994486.

{¶ 10} The granting of a Civ.R. 12(C) motion requires the court to determine that the movant is entitled to judgment as a matter of law and may only be granted when no material factual issues exist. Id.; *Burnside v. Leimbach* (1991), 71 Ohio App.3d 399, 594 N.E.2d 60. The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165, 63 O.O.2d 262, 297 N.E.2d 113.

## Count I: Breach of Contract

{¶ 11} In Count I of his class action complaint, Kincaid alleges that he and other purported class members entered into a standard-form motor-vehicle

insurance policy with Erie that required Erie to reimburse them for loss of earnings and travel-related expenses due to attendance at conferences, depositions, arbitrations, mediations, hearings, or trial at the insurer's request. Kincaid and the purported class members allege that Erie breached the terms of the standard policy contracts by failing in its alleged promise to reimburse them for their expenses.

{¶ 12} Erie responds that Kincaid failed to state a cognizable claim for relief because he did not provide proper notice to the company of his alleged expenses and has not shown that he had actually incurred any expenses as a result of Erie's representation of him in the lawsuit. Therefore, Erie claims, its duty to perform was never triggered. Erie does not dispute that it owes its insureds any expenses they incur at its request; instead, the insurer asserts that it was never properly notified of the expenses because the purported class members never made a demand for payment. Because it was not notified, Erie asserts, the purported class members have no viable claim.

{¶ 13} Kincaid states in his complaint and appellate brief that all duties imposed by the insurance policy were fully satisfied by both him and the purported class members.

{¶ 14} To state a claim for breach of contract under Ohio law, Kincaid must establish (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66. Kincaid alleges that Erie entered into insurance contracts with him and members of the putative class, which obligated the companies to pay him and others purported to be similarly situated for lost earnings, travel-related expenses, and other "related expenses" incurred by the insureds.

{¶ 15} Our court recently reversed the trial court's dismissal of a case similar to the case at bar. See *Gallo v. Westfield Natl. Ins. Co.*, Cuyahoga App. No. 89193, 2009-Ohio-1094, 2009 WL 625522. In *Gallo*, the named insurance companies filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. We found that the trial court erred in dismissing the insured's breach-of-contract claim because Gallo had provided the companies with fair notice of her claim and the grounds upon which it rested; therefore, she satisfied the liberal notice-pleading requirements set forth in Civ.R. 8.

{¶ 16} In *Kavouras v. Allstate Ins. Co.* (2008), N.D.Ohio No. 1:08 CV 571, a federal district court decision cited in *Gallo*, the district court found that an insured satisfied the liberal notice-pleading requirements set forth in Fed. R.Civ.P. 8 when the insured provided the insurance company with notice of his

claim and the grounds upon which it rested. In *Kavouras,* the insurers argued that the plaintiffs failed to comply with the notice provisions by failing to properly notify the companies of their expenses and thus failed to comply with conditions precedent to the contracts. The court held that under Fed.R.Civ.P. 9(c), the plaintiffs' general averment that all conditions precedent have been satisfied was sufficient at an early stage of the litigation. Id.; see also *Johnson v. Geico Gen. Ins. Co.* (Nov. 3, 2008), S.D.Fla. No. 08–80740–CIV–MARRA, 2008 WL 4793616.

{¶ 17} In both *Gallo* and *Kavouras,* the courts dismissed the complaints under Civ.R.12(B)(6). In reviewing whether a motion to dismiss under Civ.R. 12(B)(6) should be granted, the court accepts as true all factual allegations in the complaint and cannot resort to evidence outside the complaint to support the dismissal. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753; *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186. It must appear beyond doubt that the plaintiff can prove no set of facts entitling him or her to relief. *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 649 N.E.2d 182.

{¶ 18} A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion, and the same de novo standard of review is applied to both motions. *Gawloski v. Miller Brewing Co.* (1994), 96 Ohio App.3d 160, 163, 644 N.E.2d 731. Unlike a court's review of a motion to dismiss pursuant to Civ.R. 12(B)(6), when reviewing a motion for judgment on the pleadings, a court may look to both parties' pleadings, but must construe the evidence in a light most favorable to the nonmoving party. Thus, when reviewing a Civ.R. 12(C) motion, the trial court's inquiry is broadened to include consideration of the material allegations in the defendant's pleadings, but the court is still restricted from consideration of evidentiary materials. See *Conant v. Johnson* (1964), 1 Ohio App.2d 133, 135, 30 O.O.2d 157, 204 N.E.2d 100. Similar to a review of a Civ.R. 12(B)(6) motion, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. *Gawloski* at 163, 644 N.E.2d 731.

{¶ 19} When the language in a contract is reasonably susceptible of more than one interpretation, the meaning of the ambiguous language is a question of fact. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. If no ambiguity exists, however, the terms of the contract must simply be applied without resorting to methods of construction and interpretation. *Buckeye Check Cashing, Inc. v. Madison,* Cuyahoga App. No. 90861, 2008-Ohio-5124, 2008 WL 4436484. The Ohio Supreme Court has held that if a contract is clear and unambiguous, then its interpretation is a matter of law, there is no issue of fact to be determined, and a

court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Id., citing *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146.

{¶ 20} In this case, Kincaid alleged in his complaint that he incurred expenses at Erie's request because he was required to attend a deposition and missed time from work. He further averred that he met all conditions precedent to Erie's payment obligations. Erie responds that Kincaid failed to provide notice as required by the insurance policy. Our review of the insurance policy, which was attached to Kincaid's complaint, shows no requirement that Kincaid notify Erie in any particular way or within a certain time frame to recover incurred expenses. While it may seem illogical that an insurer is required to pay for expenses that the insured never notified the company about, we are required to interpret the contract as written, and we find no notice requirement in the insurance policy in regard to additional payments. Simply put, the terms of the contract are plain and unambiguous; there is no notice requirement for additional payments under the policy.[1] Moreover, it is well settled that in the insurance context, ambiguities are construed in favor of the insured. *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 21} Erie also argues that there is no allegation that Kincaid incurred any expenses. We disagree and find that the complaint properly alleges a loss; whether Kincaid is determined to have actually incurred expenses is a question of material fact best determined through discovery.

{¶ 22} Therefore, in construing the facts in a light most favorable to Kincaid and other purported class members, the trial court erred in dismissing his breach-of-contract claim.

### Count II: Bad Faith and Breach of the Covenant of Good Faith and Fair Dealing

{¶ 23} Under Ohio law, because a fiduciary relationship exists in the context of insurance contracts, the insurer has a duty to act in good faith in handling the claims of the insured. *Gallo,* 2009-Ohio-1094, 2009 WL 625522, citing *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 275, 6 OBR 337, 452 N.E.2d 1315. Therefore, insureds may pursue a bad-faith tort claim against their insurers. Id.

{¶ 24} Erie asserts that Kincaid's claim fails because he did not allege that the companies ever received a request for reimbursement from him or the putative

---

1. We find that it is premature to discuss whether Erie had an affirmative duty to tell insurers about the "additional payments" benefit.

class members. Such a request, Erie argues, is a necessary prerequisite to it being held liable for a claim of a bad-faith refusal to reimburse.

{¶ 25} Based on the same reasoning as Count I, we find that Kincaid's averment that he fulfilled all conditions precedent is sufficient at this stage of the litigation. Accordingly, the trial court erred in dismissing Kincaid's count for bad faith and breach of covenant of good faith and fair dealing.

### Count III: Unjust Enrichment/Quantum Meruit

{¶ 26} In Ohio, unjust enrichment occurs when a person " 'has and retains money or benefits which in justice and equity belong to another.' " *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20, quoting *Hummel v. Hummel* (1938), 133 Ohio St. 520, 528, 11 O.O. 221, 14 N.E.2d 923. Restitution is available as a remedy for unjust enrichment when the following factors are established: (1) a benefit is conferred by a plaintiff on a defendant, (2) the defendant knows about the benefit, and (3) the defendant retains the benefit under circumstances where it is unjust to do so without payment. *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183, 12 OBR 246, 465 N.E.2d 1298.

{¶ 27} Unjust enrichment operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another. *F & L Ctr. Co. v. H. Goodman, Inc.*, Cuyahoga App. No. 83503, 2004-Ohio-5856, 2004 WL 2491665, citing *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 130, 2002-Ohio-3748, 772 N.E.2d 105. Importantly, unjust enrichment cannot exist where there is a valid and enforceable written contract. *Id.*

{¶ 28} As Kincaid concedes in his notice of supplemental authority filed with this court, no party disputes the existence of an underlying insurance contract governing the issues in this case. It is the enforceability of the provisions of the standard-form contract that are at issue here. Kincaid further concedes that Ohio law precludes a claim for unjust enrichment; thus, the trial court's decision to dismiss this count is affirmed. See *Gallo*, 2009-Ohio-1094, 2009 WL 625522, and *Kavouras*, N.D. Ohio No. 1:08 CV 571.

### Count IV: Declaratory Relief

{¶ 29} In *Kavouras*, the court found that the insureds' claim for declaratory relief was in reality a claim for relief and not a cause of action; therefore, the court could only consider the request for relief if the insureds prevail on their substantive claims. See *Gallo*.

{¶ 30} In *Gallo,* the court found that aside from a few exceptions, a court errs in dismissing a request for declaratory relief in the complaint at the pleadings stage, especially when it is unclear whether the plaintiff would prevail on her claims. See also R.C. 2721.07. We agree with the courts' reasoning in these two cases and find that the trial court also erred in dismissing this count.

{¶ 31} Accordingly, the first assignment of error is sustained as it relates to Counts I, II, and IV of the complaint and affirmed as to count III.

{¶ 32} In the second assignment of error, Kincaid argues that the trial court abused its discretion in denying him an opportunity to amend his complaint to correct the pleading deficiencies identified by the court. The court never stated what, if any, specific pleading deficiencies it found because the court dismissed the case without opinion. Nevertheless, we need not consider whether the court abused its discretion; based on the disposition of the first assignment of error, we find the second assigned error now moot.

{¶ 33} Therefore, the second assignment of error is overruled.

{¶ 34} Accordingly, the judgment is affirmed in part and reversed in part.

Judgment accordingly.

BOYLE, P.J., and SWEENEY, J., concur.