KINCAID, APPELLEE, *v*. ERIE INSURANCE COMPANY, APPELLANT.

[Cite as *Kincaid v. Erie Ins. Co*., 128 Ohio St.3d 322, 2010-Ohio-6036.]

*An insured does not have standing to maintain an action against his insurance company for coverage of an alleged loss when he did not file a claim for the loss or give any notice to the insurer of the loss before filing the complaint.*

(No. 2009-1936 — Submitted September 28, 2010 — Decided December 16, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 92101, 183 Ohio App.3d 748, 2009-Ohio-4372.

_____

**LUNDBERG STRATTON, J.**

{¶ 1}   Appellant Erie Insurance Company ("Erie") appeals from the court of appeals' judgment that appellee, Don B. Kincaid Jr., has standing to file an action for insurance coverage when he did not present a claim for a loss potentially covered by his insurance and did not give notice to the insurer of the alleged loss prior to filing a complaint.

{¶ 2}   Because it is undisputed that Erie has not denied or refused to pay a claim for a loss potentially covered by insurance, we hold that there is no justiciable controversy between adverse parties in this case.   Appellee lacks standing to pursue his claims because he did not present a claim, he did not give notice to the insurer of the alleged loss, and the insurer has not denied payment. Therefore, we reverse the judgment of the court of appeals and reinstate the trial court's judgment dismissing the case.

**Facts**

**{¶ 3}** In 2001, Kincaid was involved in a motor-vehicle accident. At the time, he had a liability insurance policy issued by Erie. Kincaid was sued for damages resulting from the accident, and Erie hired counsel to represent him pursuant to the policy's liability section. The case was eventually settled and dismissed.

**{¶ 4}** In 2008, Kincaid filed a class-action complaint alleging that Erie had failed to compensate and reimburse him and all other similarly situated Erie policyholders for expenses such as postage, travel expenses, and actual loss of earnings that they had incurred during Erie's defense of their liability claims.[1] Kincaid alleged that these are covered expenses under the "additional payments" provision of the policy's liability-protection section. Kincaid asserted causes of action for breach of contract, bad faith and breach of the covenant of good faith and fair dealing, and unjust enrichment, and he sought declaratory relief.

**{¶ 5}** Erie filed an answer admitting that Kincaid's insurance policy included coverage for "additional payments." Erie admitted that it does reimburse its insureds for expenses incurred if they are documented and presented as a claim. But Erie pointed out that Kincaid had never requested reimbursement or presented a claim for reimbursement of expenses. Erie denied that Kincaid or any other member of the purported class had sustained damages, because Erie had not received any documents or claims for reimbursement.

**{¶ 6}** Erie filed a motion for judgment on the pleadings in accordance with Civ.R. 12(C), which the trial court granted without opinion. The court of appeals affirmed the trial court's dismissal of the cause of action for unjust enrichment, but reversed the dismissal of causes of action for breach of contract and bad faith and for declaratory relief. The court concluded that Kincaid's insurance policy did not require him to notify Erie of these expenses before filing

---

1. The class was never certified.

a lawsuit demanding reimbursement and that his complaint had satisfied the liberal notice pleading requirements in Civ.R. 8.

{¶ 7} The cause is before this court upon the acceptance of a discretionary appeal. 124 Ohio St.3d 1442, 2010-Ohio-188, 920 N.E.2d 373.

**Analysis**

{¶ 8} The issue before us is whether an insured lacks standing to file an action for insurance coverage when the insured has not presented a claim to the insurer and has failed to give notice to the insurer of the alleged loss. Erie contends that under these circumstances, a court could issue only an advisory opinion on whether an insured is entitled to coverage.

{¶ 9} Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim. *Ohio Pyro, Inc. v. Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27; *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22. It is an issue of law, so we review the issue de novo. Id. at ¶ 23. To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary. *Ohio Pyro*, ¶ 27. This holding is based upon the principle that "it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371. See also Section 4(B), Article IV, of the Ohio Constitution.

{¶ 10} An actual controversy is a genuine dispute between adverse parties. *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas* (1996), 74 Ohio St.3d 536, 542, 660 N.E.2d 458; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708. It is more than a disagreement; the parties

must have adverse legal interests.  Id.;  *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.  Within these legal parameters, we examine the pleadings to determine whether under Civ.R. 12(C), dismissal was appropriate.

{¶ 11}  Kincaid's primary claim is breach of contract based on the policy's "additional payments" provision.  Kincaid alleged that he had fulfilled all of the conditions precedent for his liability claim – he complied with the insurer's requests and cooperated with his defense attorneys – but that Erie had not reimbursed him for expenses such as postage, travel expenses, and loss of earnings incurred when he attended depositions and other legal proceedings at Erie's request.  Kincaid has not alleged specific damages.  Instead, Kincaid contends that he will be able to identify and document the expenses that he incurred through discovery of Erie's files.

{¶ 12}  It is undisputed that the liability protection section of the Erie policy provides coverage for "additional payments," such as court costs, litigation expenses, prejudgment and postjudgment interest, and "reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit.  This includes up to $100 a day for actual loss of earnings."

{¶ 13}  It is undisputed that Kincaid never informed Erie that he had incurred expenses, or requested reimbursement for any expenses, and that the complaint, which does not identify a specific amount of unpaid expenses, was the first notice that Erie received of Kincaid's claimed loss.  And since Kincaid never filed a claim, it is obvious that Erie never denied his claim or refused to pay his expenses.  We have held that "[a] cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach." *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 536 N.E.2d 411, paragraph one of the syllabus.  Until Erie refuses to pay a claim for a loss, Kincaid has suffered no actual damages for

breach of contract, the parties do not have adverse legal interests, and there is no justiciable controversy.

{¶ 14} Kincaid argues that there is no language in the policy that requires him to notify Erie in any particular way or within a certain time in order to recover his expenses. This is the rationale that the appellate court used to reverse the trial court's dismissal of the action. Yet the appellate court acknowledged that "it may seem illogical that an insurer is required to pay for expenses that the insured never notified the company about." *Kincaid v. Erie Ins. Co.*, 183 Ohio App.3d 748, 2009-Ohio-4372, 918 N.E.2d 1036, ¶ 20. We agree. It is illogical; and it defies common sense to expect an insurer to pay for incidental expenses that it does not know its insured incurred.

{¶ 15} The policyholder is in the best position to know what out-of-pocket expenses he or she incurred. Only the insured knows whether he or she incurred travel expenses when attending a deposition. The mere fact that the insured attended a deposition does not mean that there were travel, mileage, or parking expenses associated with it. Only the insured knows whether he or she suffered a loss of earnings. There are many reasons why an insured would not suffer an actual loss of earnings when attending a deposition: he or she may have been unemployed, retired, or salaried. Without documentation and a request, an insurer does not know whether the insured has incurred expenses and requires reimbursement.

{¶ 16} The policyholder who believes that he or she is entitled to reimbursement must make the insurance company aware of the claim and give it the opportunity to pay. The insurer provides each policyholder with a copy of the written insurance policy that expressly discloses the potential availability of benefits, including reimbursement for expenses. The insured has a duty to examine the coverage provided and is charged with knowledge of the contents of the policy. *Fry v. Walters & Peck Agency, Inc.* (2001), 141 Ohio App.3d 303,

312, 750 N.E.2d 1194; *Grange Mut. Cas. Co. v. Fodor* (1984), 21 Ohio App.3d 258, 262, 21 OBR 302, 487 N.E.2d 571. Kincaid had a defense lawyer representing him during the underlying litigation, and Kincaid could have consulted that attorney in interpreting his policy. He also has counsel representing him in this case, and they filed this action without first attempting to seek reimbursement from Erie.

{¶ 17} To be justiciable, a controversy must be grounded on a present dispute, not on a possible future dispute. *Mid-American Fire*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9. Because Erie was not advised of Kincaid's claim and has not refused to pay, there is no dispute and there can be no breach of contract. A claim for bad faith grounded in the insured's wrongful refusal to pay likewise fails as a matter of law, since Erie did not refuse to pay. *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397. An action for declaratory judgment also requires an actual controversy; a possible future controversy is not sufficient. *Mid-American Fire* at ¶ 9.

{¶ 18} Amici curiae contend that this is one of several similar putative-class-action lawsuits filed by the same lawyers against various insurance companies for de minimis litigation-related expenses.[2] In *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. No. 91893, 2009-Ohio-1094, the Eighth District Court of Appeals reversed the trial court's dismissal of the complaint pursuant to Civ.R. 12(B)(6). The court concluded that although Gallo had not notified Westfield or requested reimbursement of expenses, the complaint provided the insurance company with fair notice of her claim and satisfied the liberal notice pleading requirements in Civ.R. 8.

---

2. See *Kavouras v. Allstate Ins., Co.* (Dec. 1, 2008), N.D. Ohio E.D. No. 1:08-CV-571; *Cika v. Progressive Preferred Ins. Co.*, Cuyahoga C.P. No. CV-08-653115; *Negron v. Nationwide Property & Cas. Ins. Co.*, Cuyahoga C.P. No. CV-08-650310; *Hosey v. State Farm Mut. Auto.*, Cuyahoga C.P. No. CV-08-656919; *Lycan v. Lumbermens Mut. Cas. Co.*, Cuyahoga C.P. No. CV-07-644127.

**{¶ 19}** Unlike *Gallo*, this case was resolved on a Civ.R. 12(C) motion for judgment on the pleadings. The trial court considered both the complaint and the answer. In an effort to artfully establish sufficient allegations of breach of contract to meet the basic pleading requirements of Civ.R. 8(A) and 9(C), the plaintiff vaguely alleged that he had performed but that Erie had not. Nowhere in the complaint does the plaintiff allege that Erie refused to pay or that it ever denied a claim that was submitted. Thus, this pleading is insufficient to meet the minimal requirements of Civ.R. 8(A).

### Conclusion

**{¶ 20}** We hold that there is no actual controversy between adverse parties in this case because Erie has not refused to pay Kincaid for expenses that may be covered by the "additional payments" provision of the policy. Unless and until the insured has presented a claim to his or her insurer and (where appropriate) proof of how much is owed, and the insurer has either (1) denied the claim or (2) failed to respond to the claim after having had an adequate opportunity and reasonable time within which to respond, then there is no controversy and the insured has no standing to file a complaint in litigation.[3] A court may not issue an advisory opinion on whether an insured is entitled to insurance coverage, and an advisory opinion is what is being sought in this case, since no loss has been identified and no claim has been made for payment. Upon review of the pleadings, we hold that no material factual issues exist and that Erie was entitled to judgment as a matter of law. Therefore, Civ.R. 12(C) dismissal was appropriate. See *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.

**{¶ 21}** We reverse the appealed portion of the judgment of the court of appeals and reinstate the trial court's judgment dismissing the action.

---

3. This sentence reflects the modification made upon reconsideration. See 127 Ohio St.3d 1550, 2011-Ohio-647, 941 N.E.2d 805.

Judgment reversed.

O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

BROWN, C.J., and PFEIFER and CUPP, JJ., dissent.

_____

**BROWN, C.J., dissenting.**

{¶ 22} Until 40 years ago, Ohio's courts dismissed complaints when they contained improper phrasing or other technical mistakes. But in 1970, this court adopted a notice-pleading standard. Civ.R. 8(A). The goal of a notice-pleading standard is to avoid dismissal of claims because of hypertechnical legal requirements. Notice pleading is just that—a pleading that gives notice of the claims asserted. But today, the majority ignores the plain meaning of Civ.R. 8(A) and the concept of notice pleading. The majority concludes that a general averment in a complaint that all the conditions precedent have been met is insufficient to preclude a judgment on the pleadings in favor of the defendant under Civ.R. 12(C). Accordingly, I must respectfully dissent from the majority's holding that Civ.R. 8(A) requires more than what Kincaid pleaded to withstand a motion for judgment on the pleadings.

{¶ 23} Civ.R. 8(A) requires that a complaint contain only a short and plain statement of the claim showing that the party is entitled to relief and a demand for judgment. Civ.R. 8(E) further directs that averments contained in a pleading be simple, concise, and direct. Because Civ.R. 8 clearly establishes that Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred."

8

{¶ 24} Kincaid's complaint sets forth four counts against Erie, three of which are at issue here: a breach-of-contract claim, a bad-faith claim, and a request for declaratory relief. The complaint consists of general averments setting forth the nature of the action as well as jurisdiction and venue, averments outlining the relevant contractual language, factual averments regarding the actions of Kincaid and Erie, and other factual averments supporting each of the claims before this court. Kincaid's complaint also avers: "All conditions precedent to Defendant's payment obligations under its standard form motor vehicle liability insurance policies have been performed by the named Plaintiff * * *." Additionally, Kincaid attached the relevant insurance contract to his complaint. Thus, the complaint meets the requirements of Civ.R. 8(A).

{¶ 25} The matter before us is based upon the trial court's dismissal of Kincaid's claims under Civ.R. 12(C). Civ.R. 12(C) motions are intended to resolve questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. Under Civ.R. 12(C), dismissal is appropriate only when a court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." Id. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." Id. Taken together, these requirements set a high bar for the moving party to prevail on a motion for judgment on the pleadings.

{¶ 26} The majority frames this case as one involving an issue of standing, a legal issue susceptible of resolution on a motion for judgment on the pleadings. But the issue regarding standing is based upon Erie's assertion of specific factual averments that contradict the factual averments contained in Kincaid's complaint. Erie contends that Kincaid lacks standing because he did

not present a claim to Erie for his alleged loss or give any other notice to Erie of his alleged loss, which Erie asserts is a condition precedent to coverage under the insurance contract. Conversely, Kincaid's complaint, in accordance with the explicit directive of Civ.R. 9(C), asserts generally that he has performed all the conditions precedent to coverage under the contract. Whether Kincaid performed all the conditions precedent to coverage is a material question of fact. Because the parties' pleadings contain competing factual averments regarding whether Kincaid presented a claim or gave other notice of his alleged loss, the courts must construe Kincaid's factual averments as true for the purposes of a motion for judgment on the pleadings. Construing Kincaid's factual averments as true, his complaint contains sufficient information to support actionable claims under the notice-pleading standard and to withstand a motion for judgment on the pleadings.

{¶ 27} Today the majority takes as true the factual averments contained in *Erie's answer* and affirms the dismissal of Kincaid's claims based upon *those* averments. In doing so, the majority overlooks the notice-pleading standard of Civ.R. 8 and questions the sufficiency of a pleading that satisfies Civ.R. 9(C). By requiring more specific factual averments to establish that the conditions precedent to reimbursement from Erie had been met, the majority frustrates Civ.R. 8(A) and 9(C), which were adopted in 1970 to prevent complaints from being dismissed on common-law pleading technicalities. A motion for summary judgment, not a motion for judgment on the pleadings, is the proper vehicle for Erie's arguments. Therefore, I dissent.

CUPP, J., concurs in the foregoing opinion.

_____

**PFEIFER, J., dissenting.**

{¶ 28} Kincaid allegedly caused an injury in an automobile accident and was sued. Kincaid assisted Erie in defending him, and, in so doing, he allegedly

incurred expenses and missed time at work. The insurance policy that Kincaid had with Erie states:

{¶ 29} "We will make the following payments in addition to the limit of protection:

{¶ 30} "* * *

{¶ 31} "5. reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit. This includes up to $100 a day for actual loss of earnings."

{¶ 32} Kincaid chose to seek payment for expenses by filing suit against Erie. Erie asserts and the majority opinion holds that Kincaid should have made a request to Erie, been denied, and then filed suit. It is difficult to understand why Kincaid must follow that course of action, because the policy does not require it; the policy is silent about how to seek reimbursement.

{¶ 33} As we have stated many times, " '[w]here provisions of a contract of insurance are *reasonably* susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.' " (Emphasis added in *Hacker*.) *Hacker v. Dickman* (1996), 75 Ohio St.3d 118, 119, 661 N.E.2d 1005, quoting *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus. See also *Gomolka v. State Auto. Mut. Ins. Co.* (1984), 15 Ohio St.3d 27, 29-30, 15 OBR 67, 472 N.E.2d 700; *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 68 O.O.2d 56, 313 N.E.2d 844, syllabus. Because there are no policy provisions indicating when or how Kincaid must make a request for payment, a liberal interpretation in favor of Kincaid would allow him to seek payment in the manner he prefers, whether directly or by a lawsuit.

{¶ 34} Furthermore, the issue before us is not whether Erie owes a payment to Kincaid or how Kincaid should seek reimbursement; the issue is whether Kincaid should have a chance to establish that Erie owes him payment

for expenses. There is no way to reach that issue without examining the contested facts of this case. Accordingly, it is inappropriate to dismiss the case on the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 175, 63 O.O.2d 262, 297 N.E.2d 113 ("The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies"). I would affirm the judgment of the court of appeals. I dissent.

_____

**CUPP, J., dissenting.**

{¶ 35} Although I concur in Chief Justice Brown's dissent, I write separately only to add an additional point that I believe is important to a fuller understanding of why I dissent from the majority decision.

{¶ 36} I believe that the underlying concern of the majority is the potential for significant abuse of the discovery process should lawsuits enabled by creative pleading techniques, like those utilized here by Kincaid, go forward. Although not revealed in Kincaid's complaint, an essential fact that was conceded by Kincaid's counsel at oral argument is that Kincaid has never made a claim to defendant Erie Insurance Company ("Erie") for the expenses Kincaid seeks to recover in this lawsuit. In fact, even in his complaint, Kincaid does not state a specific dollar amount for expenses he allegedly incurred. Thus, even if Erie wanted to reimburse Kincaid for his expenses, it has no information from which to determine how much Kincaid may be entitled to receive.

{¶ 37} Nevertheless, this situation does not justify a deviation from our long-standing interpretation of the notice-pleading requirements. Erie is not without recourse to protect itself against discovery initiated by Kincaid if his discovery request is overbroad or unduly burdensome. Erie may request a protective order to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Civ.R. 26(C). The trial court may fashion a protective order in any number of ways, including ordering that "the discovery not be had"

or that "certain matters not be inquired into or that the scope of the discovery be limited to certain matters."  Civ.R. 26(C). In this case, requests for admissions under Civ.R. 36 might be sufficient to establish the necessary facts for the trial court to rule on a motion for summary judgment or partial summary judgment.

{¶ 38}  Therefore, I must respectfully dissent.

_____

W. Craig Bashein and John Hurst; and Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.

Weston Hurd, L.L.P., Shawn W. Maestle, and Ronald A. Rispo, for appellant.

Ulmer & Berne, L.L.P., Marvin L. Karp, Joseph A. Castrodale, and Brad A. Sobolewski, urging reversal for amici curiae Progressive Preferred Insurance Company, Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Specialty Insurance Company.

Carpenter, Lipps & Leland, L.L.P., Michael H. Carpenter, and Katheryn M. Lloyd, urging reversal for amici curiae Nationwide Property and Casualty Insurance Company, Nationwide Mutual Fire Insurance Company, Nationwide Mutual Insurance Company, Nationwide Insurance Company of America, Nationwide Assurance Company, and Nationwide General Insurance Company.

Vorys, Sater, Seymour & Pease, L.L.P, Thomas E. Szykowny, and Michael Thomas, urging reversal for amicus curiae Ohio Insurance Institute.

Davis & Young, L.P.A., and Richard M. Garner, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.

_____