Lundberg Stratton, J.
{¶ 1} Appellant Erie Insurance Company (“Erie”) appeals from the court of appeals’ judgment that appellee, Don B. Kincaid Jr., has standing to file an action for insurance coverage when he did not present a claim for a loss potentially covered by his insurance and did not give notice to the insurer of the alleged loss prior to filing a complaint.
{¶ 2} Because it is undisputed that Erie has not denied or refused to pay a claim for a loss potentially covered by insurance, we hold that there is no justiciable controversy between adverse parties in this case. Appellee lacks standing to pursue his claims because he did not present a claim, he did not give notice to the insurer of the alleged loss, and the insurer has not denied payment. Therefore, we reverse the judgment of the court of appeals and reinstate the trial court’s judgment dismissing the case.
Facts
{¶ 3} In 2001, Kincaid was involved in a motor-vehicle accident. At the time, he had a liability insurance policy issued by Erie. Kincaid was sued for damages resulting from the accident, and Erie hired counsel to represent him pursuant to the policy’s liability section. The case was eventually settled and dismissed.
{¶ 4} In 2008, Kincaid filed a class-action complaint alleging that Erie had failed to compensate and reimburse him and all other similarly situated Erie policyholders for expenses such as postage, travel expenses, and actual loss of earnings that they had incurred during Erie’s defense of their liability claims.[1] Kincaid alleged that these are covered expenses under the “additional payments” provision of the policy’s liability-protection section. Kincaid asserted causes of *323 action for breach of contract, bad faith and breach of the covenant of good faith and fair dealing, and unjust enrichment, and he sought declaratory relief.
{¶ 5} Erie filed an answer admitting that Kincaid’s insurance policy included coverage for “additional payments.” Erie admitted that it does reimburse its insureds for expenses incurred if they are documented and presented as a claim. But Erie pointed out that Kincaid had never requested reimbursement or presented a claim for reimbursement of expenses. Erie denied that Kincaid or any other member of the alleged class had sustained damages, because Erie had not received any documents or claims for reimbursement.
{¶ 6} Erie filed a motion for judgment on the pleadings in accordance with Civ.R. 12(C), which the trial court granted without opinion. The court of appeals affirmed the trial court’s dismissal of the cause of action for unjust enrichment, but reversed the dismissal of causes of action for breach of contract and bad faith and for declaratory relief. The court concluded that Kincaid’s insurance policy did not require him to notify Erie of these expenses before filing a lawsuit demanding reimbursement and that his complaint had satisfied the liberal notice-pleading requirements in Civ.R. 8.
{¶ 7} The cause is before this court upon the acceptance of a discretionary appeal. 124 Ohio St.3d 1442, 2010-Ohio-188, 920 N.E.2d 373.
Analysis
{¶ 8} The issue before us is whether an insured lacks standing to file an action for insurance coverage when the insured has not presented a claim to the insurer and has failed to give notice to the insurer of the alleged loss. Erie contends that under these circumstances, a court could issue only an advisory opinion on whether an insured is entitled to coverage.
{¶ 9} Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim. Ohio Pyro, Inc. v. Dept. of Commerce, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27; Cuyahoga Cty. Bd. of Commrs. v. State, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22. It is an issue of law, so we review the issue de novo. Id. at ¶ 23. To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary. Ohio Pyro, ¶ 27. This holding is based upon the principle that “it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.” Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371. See also Section 4(B), Article IV of the Ohio Constitution.
*324 {¶ 10} An actual controversy is a genuine dispute between adverse parties. State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536, 542, 660 N.E.2d 458; Corron v. Corron (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708. It is more than a disagreement; the parties must have adverse legal interests. Id.; Mid-American Fire & Cas. Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9. Within these legal parameters, we examine the pleadings to determine whether under Civ.R. 12(C), dismissal was appropriate.
{¶ 11} Kincaid’s primary claim is breach of contract based on the policy’s “additional payments” provision. Kincaid alleged that he had fulfilled all of the conditions precedent for his liability claim — he complied with the insurer’s requests and cooperated with his defense attorneys — but that Erie had not reimbursed him for expenses such as postage, travel expenses, and loss of earnings incurred when he attended depositions and other legal proceedings at Erie’s request. Kincaid has not alleged specific damages. Instead, Kincaid contends that he will be able to identify and document the expenses that he incurred through discovery of Erie’s files.
(¶ 12} It is undisputed that the liability-protection section of the Erie policy provides coverage for “additional payments,” such as court costs, litigation expenses, prejudgment and postjudgment interest, and “reasonable expenses anyone we protect may incur at our request to help us investigate or defend a claim or suit. This includes up to $100 a day for actual loss of earnings.”
{¶ 13} It is undisputed that Kincaid never informed Erie that he had incurred expenses or requested reimbursement for any expenses and that the complaint, which does not identify a specific amount of unpaid expenses, was the first notice that Erie received of Kincaid’s claimed loss. And since Kincaid never filed a claim, it is obvious that Erie never denied his claim or refused to pay his expenses. We have held that “[a] cause of action for breach of contract does not accrue until the complaining party suffers actual damages as a result of the alleged breach.” Midwest Specialties, Inc. v. Firestone Tire & Rubber Co. (1988), 42 Ohio App.3d 6, 536 N.E.2d 411, paragraph one of the syllabus. Until Erie refuses to pay a claim for a loss, Kincaid has suffered no actual damages for breach of contract, the parties do not have adverse legal interests, and there is no justiciable controversy.
{¶ 14} Kincaid argues that there is no language in the policy that requires him to notify Erie in any particular way or within a certain time in order to recover his expenses. This is the rationale that the appellate court used to reverse the trial court’s dismissal of the action. Yet the appellate court acknowledged that “it may seem illogical that an insurer is required to pay for expenses that the insured never notified the company about.” Kincaid v. Erie Ins. Co., 183 Ohio *325 App.3d 748, 2009-Ohio-4372, 918 N.E.2d 1036, ¶ 20. We agree. It is illogical; and it defies common sense to expect an insurer to pay for incidental expenses that it does not know its insured incurred.
{¶ 15} The policyholder is in the best position to know what out-of-pocket expenses he or she incurred. Only the insured knows whether he or she incurred travel expenses when attending a deposition. The mere fact that the insured attended a deposition does not mean that there were travel, mileage, or parking expenses associated with it. Only the insured knows whether he or she suffered a loss of earnings. There are many reasons why an insured would not suffer an actual loss of earnings when attending a deposition: he or she may have been unemployed, retired, or salaried. Without documentation and a request, an insurer does not know whether the insured has incurred expenses and requires reimbursement.
{¶ 16} The policyholder who believes that he or she is entitled to reimbursement must make the insurance company aware of the claim and give it the opportunity to pay. The insurer provides each policyholder with a copy of the written insurance policy that expressly discloses the potential availability of benefits, including reimbursement for expenses. The insured has a duty to examine the coverage provided and is charged with knowledge of the contents of the policy. Fry v. Walters & Peck Agency, Inc. (2001), 141 Ohio App.3d 303, 312, 750 N.E.2d 1194; Grange Mut. Cas. Co. v. Fodor (1984), 21 Ohio App.3d 258, 262, 21 OBR 302, 487 N.E.2d 571. Kincaid had a defense lawyer representing him during the underlying litigation, and Kincaid could have consulted that attorney in interpreting his policy. He also has counsel representing him in this case, and they filed this action without first attempting to seek reimbursement from Erie.
{¶ 17} To be justiciable, a controversy must be grounded on a present dispute, not on a possible future dispute. Mid-American Fire, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9. Because Erie was not advised of Kincaid’s claim and has not refused to pay, there is no dispute and there can be no breach of contract. A claim for bad faith grounded in the insured’s wrongful refusal to pay likewise fails as a matter of law, since Erie did not refuse to pay. Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, 644 N.E.2d 397. An action for declaratory judgment also requires an actual controversy; a possible future controversy is not sufficient. Mid-American Fire at ¶ 9.
{¶ 18} Amici curiae contend that this is one of several similar putative-class-action lawsuits filed by the same lawyers against various insurance companies for de minimis litigation-related expenses.[2] In Gallo v. Westfield Natl. Ins. Co., 8th *326 Dist. No. 91893, 2009-Ohio-1094, 2009 WL 625522, the Eighth District Court of Appeals reversed the trial court’s dismissal of the complaint pursuant to Civ.R. 12(B)(6). The court concluded that although Gallo had not notified Westfield or requested reimbursement of expenses, the complaint provided the insurance company with fair notice of her claim and satisfied the liberal notice-pleading requirements in Civ.R. 8.
{¶ 19} Unlike Gallo, this case was resolved on a Civ.R. 12(C) motion for judgment on the pleadings. The trial court considered both the complaint and the answer. In an effort to artfully establish sufficient allegations of breach of contract to meet the basic pleading requirements of Civ.R. 8(A) and 9(C), the plaintiff vaguely alleged that he had performed but that Erie had not. Nowhere in the complaint does the plaintiff allege that Erie refused to pay or that it ever denied a claim that was submitted. Thus, this pleading is insufficient to meet the minimal requirements of Civ.R. 8(A).
Conclusion
{¶ 20} We hold that there is no actual controversy between adverse parties in this case because Erie has not refused to pay Kincaid for expenses that may be covered by the “additional payments” provision of the policy. Unless and until the insured has presented a claim to his or her insurer and (where appropriate) proof of how much is owed, and the insurer has either (1) denied the claim or (2) failed to respond to the claim after having had an adequate opportunity and reasonable time within which to respond, there is no controversy and the insured has no standing to file a complaint in litigation.[3] A court may not issue an advisory opinion on whether an insured is entitled to insurance coverage, and an advisory opinion is what is being sought in this case, since no loss has been identified and no claim has been made for payment. Upon review of the pleadings, we hold that no material factual issues exist and that Erie was entitled to judgment as a matter of law. Therefore, Civ.R. 12(C) dismissal was appropriate. See State ex rel. Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.
{¶ 21} We reverse the appealed portion of the judgment of the court of appeals and reinstate the trial court’s judgment dismissing the action.
Judgment reversed.
*327 O’Connor, O’Donnell, and Lanzinger, JJ., concur.
Brown, C.J., and Pfeifer and Cupp, JJ., dissent.

. The class was never certified.

. See Kavouras v. Allstate Ins. Co. (Dec. 1, 2008), N.D. Ohio E.D. No. 1:08-CV-571; Cika v. Progressive Preferred Ins. Co., Cuyahoga C.P. No. CV-08-653115; Negron v. Nationwide Property *326 & Cas. Ins. Co., Cuyahoga C.P. No. CV-08-650310; Hosey v. State Farm Mut. Auto., Cuyahoga C.P. No. CV-08-656919; Lycan v. Lumbermens Mut. Cas. Co., Cuyahoga C.P. No. CV-07-644127.

. This sentence reflects the modification made upon reconsideration. See 127 Ohio St.3d 1550, 2011-Ohio-647, 941 N.E.2d 805.