**EICHMAN, Plaintiff-Appellee v MARSHALL et al., Defendants-Appellants.**

Ohio Appeals, 2nd District, Miami County.

No. 421. Decided December 9, 1942.

Shipman & Shipman, Troy, for plaintiff-appellee.
Baird Broomhall, Troy, for defendants-appellants.

## OPINION
By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of defendants' appeal on questions of law from the judgment of the Court of Common Pleas of Miami County, Ohio.

.Plaintiff's action was one for specific performance, seeking to require defendants to convey certain premises located in Miami County, Ohio, in accordance with a claimed executed written contract of sale.

The petition in substance alleges that on the 25th day of October, 1939, the plaintff and defendants entered into an agreement in writing for purchase and sale of a described tract of land, in the sum of $1700.00. $200.00 of which was paid in cash upon the execution of the agreement, and the balance of $1500.00 was to be paid in cash on the delivery of warranty deed and a merchantable title. It is further alleged that plaintiff performed all the conditions of said agreement on his part to be performed, and that on the 19th day of April, 1940, tendered to the defendants the balance due on said purchase price, to wit, $1500.00, and demanded his conveyance, but defendants then and there and ever since have refused

to execute and deliver such conveyance. Plaintiff further alleges that he is still ready and willing to carry out the terms of said contract and pay the balance of said purchase money. Then follows the prayer, as heretofore stated in substance.

Subsequently and before the filing of answer, plaintiff filed a supplemental petition, wherein he sought recovery of rents and profits accruing on the described real estate.

On December 31, 1940, defendants filed answer, containing admissions and denials as to certain allegations of the petition, and in addition defenses numbered 1, 2, 3 and 4.

Defendants admitted the execution of a written instrument on the 25th day of October, 1939, copy of which is attached to the petition as Exhibit A; further admitted that they received the sum of $200.00 from the plaintiff and that $1500.00 was tendered to them by plaintiff on April 18. 1940, and that they refused said tender on the same date. They further admit that on the 18th day of April, 1940, plaintiff demanded that defendants deliver to him a conveyance of said real estate; that they refsued to comply with said demand and that they have to this day and still refuse to deliver a conveyance of said property to plaintiff. It is averred that on the 18th day of April, 1940, defendants tendered the sum of $200.00 in cash to the plaintiff by way of refund, of said sum paid to them on October 25, 1939, and that said tender was refused.

For the first defense all remaining allegations of the petition and supplemental petition are denied.

The second defense avers that the writing referred to in plaintiff's petition as Exhibit A is not a contract for the sale of real estate, but is and appears upon its face to be a sales proposal and agency agreement whereby the defendants offer and agree to sell the real estate described through the plaintiff, as a real estate agent or broker, to a purchaser not designated, at a time not specified, in accordance with the terms of said sales proposal.

In the second defense it is further averred that they did not agree at any time by the terms of said written instrument, or otherwise, to sell said real estate to the plaintiff, nor was the sale of said property to the plaintiff in the minds of the parties, nor contemplated by the parties at the time of the execution of said agreement.

For the third defense defendants aver that at the time said agreement or sales proposal was executed, plaintiff represented to the defendants that he had secured a purchaser for the real estate described therein, and upon the same day plaintiff notified the defendants to execute a deed of said real estate to the Braun Brothers Packing Company. a corporation of Troy, Ohio, as the acceptor of said sales proposal and the prospective purchaser of said real estate. In this third defense it is further averred that on or about November 1, 1939, the defendants executed a deed to said the Braun Brothers Packing Company in accordance with the terms

of said sales proposal and tendered said deed to the Braun Brothers Packing Company. That said tender was refused and said corporation demanded that an additional provision be included in said deed not contemplated by nor provided for in the sales proposal aforesaid. Defendants then withdrew the tender of said deed and refused to sell said real estate to the said Braun Brothers Packing Company. It is further averred that the sales proposal was never accepted by the said Braun Brothers Packing Company, either in writing or otherwise, and that there was not and never has been a meeting of the minds or a valid contract between the Braun Brothers Packing Company and these defendants, either through the plaintiff as its agent, or any other person acting for or on behalf of said company. Defendants in the third defense further say that they disclaim and deny any obligations to plaintiff to convey said real estate to him as agent of the Braun Brothers Packing Company or in any other capacity.

In the fourth defense the defendants aver that said sales proposal is not a valid contract between the parties for the reason that the signature of the defendants was procured thereto by fraud and misrepresentation on the part of the plaintiff, in that the plaintiff represented to the defendants that it was necessary that his purchaser have the right-of-way over the land of defendants adjoining the real estate described in the petition, for the purpose of ingress and egress to and from said property, because said purchaser had no other means of ingress or egress. Further, that said sales proposal was signed by the defendants with that understanding, when, as a matter of fact, plaintiff's purchaser, the Braun Brothers Packing Company, at the time said paper writing was signed did in fact have means of ingress and egress to the north of said real estate described in the petition over their own land which they had purchased prior to the signing of the said alleged sales proposal. Further, that plaintiff knew at the time said sales proposal was executed the above facts, but that plaintiff did not disclose this fact to the defendants, but induced them by false representations to the contrary to sign the sales proposal, which defendants would not have signed had they known the truth. It is further averred that by reason of said fraudulent representations and bad faith on the part of the plaintiff in not making full disclosure of facts, the executed writing is null and void and is not and never has been a valid contract between defendants and plaintiff individually or as agent or between the defendants and any other individual or corporation.

The prayer of the answer asks that the petition be dismissed and so forth.

Plaintiff filed reply, denying all averments of the answer, except such as were admissions of the allegations of the petition.

The action came on for trial before the resident judge of the Common Pleas Court, jury being waived.

Following the admission of evidence, argument and briefs, the trial court found in favor of the plaintiff and ordered specific performance, as prayed for. The court ordered an accounting for rents and profits, but such accounting has not yet been had.

Defendants within statutory time gave notice of appeal on questions of law, and thus lodged the cause in our court. The action in our court has been briefed, oral argument being waived.

The trial court resolved all issuable questions of fact in favor of the plaintiff, and there being ample grounds for so doing, we will give little attention to the factual questions since the determination of the facts was within the province of the trial court and not to be disturbed, unless such facts are so manifestly against the weight of the evidence as to shock the conscience. We do not so find.

Appellants' assignment of errors is set forth on page of the brief, and is as follows:

1. The court erred in granting specific performance of contract and rendering judgment for plaintiff, because (a) the original contract between the defendants and the plaintiff, as agent for the Braun Brothers Packing Company, was performed by the defendants by tender of the proper deed to Braun Brothers, which Braun Brothers refused. (b) No enforceable contract ever existed between plaintiff and defendants. (c) Plaintiff has an adequate remedy at law.

2. The court erred in overruling defendants' motion for a new trial.

Under assignment 2 it becomes necessary to examine the motion for new trial in order to ascertain just what claimed errors are asserted.

The motion for new trial is set out under three separately numbered specifications, as follows:

1. The court erred in finding that the plaintiff was entitled to the relief prayed for in his petition.

2. The court erred in entering a decree directing specific performance to the plaintiff and an accounting according to the undisputed evidence in the record of the case.

3. There are other errors apparent upon the face of the record, entitling defendants to a new trial.

We will endeavor to take up each separate assignment of error in the order set out.

1.—(a) If, in fact, as defendants aver, they made the tender of the proper deed to Braun Brothers, which the latter refused to accept, then the defendants would be warranted in refusing to do anything further towards executing and delivering the deed. It is at once apparent that this is a factual question, and as heretofore stated, the trial court determined this as well as all others, against the contention of the defendants. The record discloses, and it is conceded by all parties, that plaintiff at the time of, or very

shortly after the execution of the paperwriting in question, informed defendants that the Braun Brothers Packing Company was his principal and that the deed might be made to them. Neither of the defendants make any claim that they at any time made tender of the deed to either the plaintiff or the Braun Brothers Packing Company. If any such tender was made, it was made by Mr. Dungan, attorney for the defendants. Attorney Dungan was called as a witness, and he does not state positively that any tender was made. The most that he says is that the plaintiff was in his office on some other matter, when plaintiff was advised that defendants had requested him to make a deed and that he had prepared such a document, but whether or not it was signed at the time he is not positive. The plaintiff in his testimony corroborates Mr. Dungan in that there was at the time mentioned a conversation relative to the deed, but plaintiff says that Mr. Dungan told him that the deed did not contain anything relative to the easement or right-of-way. Plaintiff says that he did not read the prepared deed, but, relying upon Dungan's statement that there was nothing in it relative to right-of-way, at once said to Mr. Dungan that he was not interested in such a deed. A deed prepared by Mr. Dungan was introduced in evidence. Mr. Dungan stated that there were some changes made from the original draft, but he can not remember just what they were. Mr. Dungan would not and did not say that he was proffering the deed to the plaintiff as a tender; in fact, he was very indefinite on his remembrance of details.

Under the state of the record, we have no hesitancy in saying that the trial court committed no prejudicial error in determining that no tender had been made.

Under assignment 1-(b) defendants make the claim that no enforceable contract ever existed between plaintiff and defendants.

This assignment is very broad and encompasses practically every defense set out in defendants' answer.

First, it is urged that the instrument was not a contract of sale, but was merely a proposal, unilateral in character.

While not prepared in the usual form of real estate sales contracts, yet it had all the essential elements and we find that it was a contract of sale, bilateral in character.

This instrument, being signed by Don L. Marshall and Helen R. Marshall. designated them as sellers. The purchaser was designated as Gus Eichman, as agent. The instrument does not indicate for whom Eichman was agent; thereby it would appear that his principal was undisclosed. Gus Eichman signed the instrument individually. The property was described sufficiently to identify it. The description included a right-of-way in the following language: "Together with right of ingress and egress on lane now located on the north line of the Schauer property." The consideration named

was $1700.00, $200.00 of which was to be paid on the execution of the instrument and $1500.00 on delivery of warranty deed and merchantable title. The $200.00 cash payment was paid by delivery to the defendants of a check of the Eichman Realty Company. This check was held by defendants until November 4, at which time they endorsed it and cashed it at the bank. The instrument was made bilateral by the following acceptance: "I hereby accept the above proposition and agree to abide by the terms of same, this 26th day of October, 1939. Purchaser Gus Eichman."

This acceptance was upon the same sheet of paper as the original and followed the signatures of Don L. Marshall and wife, Helen R. Marshall.

Second, it is urged that no right of action existed on the part of Gus Eichman, plaintiff, since he was not purchasing the property individually but for an undisclosed principal. We think the authorities are universal that an agent representing an undisclosed principal may bring an action in his own name for the enforcement of any legal contract. This principle is very thoroughly discussed in Corpus Juris Secundum, Volume 3 (Agency), Section 228.

Third, defendants seek to set up the defense of fraud.

We doubt very much if the averments of the answer in defendants' fourth defense set out such facts as would constitute fraud. If it could be considered a proper averment of fraud, defendants' own conduct indicates that they did not rely upon any such claimed fraudulent representations. While they truthfully aver that at the time the contract was signed they did not know that the Braun Brothers Packing Company was the undisclosed principal, there is dispute as to what was said about this by the plaintiff, Eichman, before the contract was signed. However, on the same day that it was signed they did know that the Braun Brothers Packing Company was the undisclosed principal. So far as the record shows, no claim of fraud was made prior to the filing of the answer. With full knowledge of this claimed fraud, they cashed the check some eight days after they had obtained knowledge that the Braun Brothers Packing Company was the undisclosed principal. Furthermore, on the 26th day of October, 1939, they signed and acknowledged a deed attempting to make conveyance of certain property to the Braun Brothers Packing Company. This is the deed which defendants seek to assert was tendered by them. We have heretofore referred to this question of tender and the trial court's finding thereon.

We might further say at this time that the description in this deed dated October 26, 1939, contains substantial provisions relative to the upkeep of the lane, which was not included in the sales agreement. The trial court in his opinion states that the claim of fraud was apparently abandoned since counsel for defendants in their brief, aside from stating the issue, did not argue the question of

fraud. In our court counsel concede that evidence not sufficient to establish fraud and we have no difficulty in determining that the averments of the answer, in connection with the evidence, do not establish the requisite requirements to constitute fraud.

The briefs of counsel cite numerous authorities, all of which we have considered but do not specifically refer to, since very few, if any, lend any aid to the issuable questions here presented.

We have been favored with the very able written opinion of the trial court and on all questions not specifically mentioned in this opinion, we adopt that of the trial court.

Under assignment of error 1-(c), the claim is made that plaintiff has an adequate remedy at law.

The basis for this claim is that plaintiff's interest was nothing more than a real estate broker, and as such his commission would have been $51.00, and that he should have brought his action against the defendants for the amount of this commission.

The decisions are very numerous and uniform that in contracts for the sale of real estate, the claim of adequate remedy at law, is the absence of special circumstances, will not avail. In any event, the plaintiff was not the agent of the defendants and would have no right of action against them for specific performance, unless, perchance, he could predicate it upon the grounds that he was deprived of his commission by reason of the refusal of the defendants to go through with the contract. This remedy is somewhat doubtful, and in any event would not be adequate under the facts of this case.

We find no prejudicial error in the findings and judgment of the trial court.

The judgment will be affirmed and costs in this court adjudged against the appellants.

Cause remanded to the Common Pleas Court for collection of costs and further proceedings according to law.

GEIGER, P. J. and HORNBECK, J., concur.