[Cite as *Windsor Realty & Mgt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 2019-Ohio-3096.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WINDSOR REALTY AND                    :
MANAGEMENT, INC., ET AL.,

                                      :

      Plaintiffs-Appellants,

                                      :         No. 107597

      v.

                                      :

NORTHEAST OHIO REGIONAL
SEWER DISTRICT, ET AL.,               :

      Defendants-Appellees.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 1, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-818605

---

### *Appearances:*

Lieberman, Dvorin & Dowd, L.L.C., Andrew K. Shibley, and Darren J. Dowd, *for appellants*.

Eric Luckage, Chief General Officer, and Amanda L. Holzhauer, Assistant General Counsel, *for appellee* Northeast Ohio Regional Sewer District.

Barbara A. Langhenry, Law Director, City of Cleveland, and Craig J. Morice and Christopher J. Heltzel, Assistant Directors of Law, *for appellee* City of Cleveland.

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiff-appellant Windsor Realty and Management, Inc. ("Windsor") appeals from the trial court's orders granting defendants-appellees Northeast Ohio Regional Sewer District ("NEORSD") and the city of Cleveland Water Department's ("the city") joint motion for reconsideration and motions for summary judgment. For the reasons that follow, we affirm.

## I.   Statement of the Facts

{¶ 2} D&M Pine Crest Properties, L.L.C. ("D&M") owns the apartment building known as Pinecrest Apartments, and Windsor acts as the property manager of this building. The apartment building receives water and sewer services from the city and NEORSD, respectively.

{¶ 3} Windsor claims the city and NEORSD overcharged Windsor for water and sewer consumption at the Pinecrest Apartments in 2005 and 2008. The parties attempted to resolve the alleged billing errors by undergoing inspections of the property to look for leaks; replacing water meters; and meeting with the director of utilities to negotiate a settlement agreement. The attempted remedies did not satisfactorily resolve the overcharges and Windsor filed a lawsuit in December 2013 against the city and NEORSD. D&M, the owner of the apartment building, was not included as a named plaintiff.

{¶ 4} The parties proceeded with litigation. Windsor filed its first amended complaint on February 23, 2015. The city and NEORSD answered the first amended complaint on July 21, 2016, and July 22, 2016, respectively. As litigation proceeded,

the trial court scheduled discovery cut-off date for the litigation to be April 28, 2017, and then proceeded to set the trial date for October 23, 2017. During discovery, defendants-appellees deposed Mark Priore, the president of Windsor and co-owner of D&M. During discovery, Mr. Priore testified that D&M owns the subject apartment building and pays all bills related to the property. Specifically, Mr. Priore testified that D&M is responsible for payment of the water and sewer bills. D&M and Windsor maintain separate bank accounts and D&M has its own account from which the utility bills are paid. Further, Mr. Priore testified that D&M has paid for all legal expenses related to this litigation. It was clear from the proceedings that invoices from defendants-appellees were mailed to Windsor and it was Windsor who negotiated with representatives of the city and NEORSD to attempt to resolve the disputed bills.

{¶ 5} On May 26, 2017, after the discovery cut-off date, Windsor filed a second amended complaint attempting to add D&M as a new party-plaintiff. In support of its motion, Windsor claimed D&M may be the real party in interest. Windsor asserted the defendants would not be subject to undue delay or prejudice with the addition of the new party-plaintiff. The allegations within the second amended complaint were essentially the same as the original complaint, but the second amended complaint (1) added plaintiff D&M, (2) alleged that D&M and Windsor contracted with NEORSD and the city for the treatment of sewage and

supply of water, and (3) incorporated allegations of negligent inspection of the water meter and promissory estoppel.

{¶ 6} On June 1, 2017, the trial court granted Windsor's second amended complaint to approve the addition of D&M as a new party-plaintiff. The following day, the city and NEORSD filed a joint motion for reconsideration and opposition to plaintiff's motion for leave to amend complaint ("joint motion for reconsideration"). Windsor did not oppose the joint motion for reconsideration. On February 9, 2018, the trial court granted defendants' joint motion for reconsideration and denied Windsor's motion to file a second amended complaint because the motion was "improper and untimely."

{¶ 7} Motions for summary judgment were filed by the city and NEORSD on May 4, 2018, and granted on July 26, 2018.[1] The court's ruling found Windsor did not have standing to maintain the lawsuit because Windsor could not establish that it had suffered an injury as a result of NEORSD and the city's alleged actions. Windsor filed this timely appeal.

## II. Law and Analysis

### A. Motion to Add D&M as an Additional Party-Plaintiff

{¶ 8} In its first assignment of error, Windsor claims the trial court erred when it did not grant Windsor's motion to file a second amended complaint and

---

[1] In its July 25, 2018 opinion and order, journalized on July 26, 2018, the trial court ruled on the defendants-appellees' motions for summary judgment and dismissed NEORSD's counterclaim against Windsor for spoliation.

allow the addition of D&M as an additional party-plaintiff. For the following reasons, we find Windsor's first assignment of error is without merit.

{¶ 9} An appellate court reviews a motion to amend a complaint for an abuse of discretion. *LAME, Inc. v. E.G. Sys.*, 8th Dist. Cuyahoga No. 101566, 2015-Ohio-686, ¶ 14. A trial court demonstrates an abuse of discretion where its acts are unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} NEORSD and the city argued in their joint motion for reconsideration that (1) Windsor was not the real party in interest so that it lacked standing to file a second amended complaint, and (2) unfair prejudice and delay would result from adding a new party-plaintiff so late in the litigation. The trial court found Windsor's motion for leave to amend its complaint to be "improper and untimely" and, therefore, denied the motion.

{¶ 11} Windsor, on appeal, argues that it sought to add D&M as a new party-plaintiff pursuant to Civ.R. 15(A) and 20(A). Windsor argues that the granting of such motion would have been in the interest of judicial economy. Windsor also argues that the motion was not untimely. Lastly, Windsor argues that the granting of the motion would not have a prejudicial effect on NEORSD and the city. Because Windsor did not oppose the joint motion for reconsideration, these arguments are raised now by Windsor for the first time on appeal.

{¶ 12} It is well settled law that "'[a] party who fails to raise an argument in the court below waives his or her right to raise it here.'" *Niskanen v. Giant Eagle,*

*Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34, quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). As a result of *Niskanen* and the line of cases following *Niskanen*, we do not take Windsor's arguments made in its appellate brief into consideration because Windsor did not oppose defendants-appellees' motion for reconsideration. We find that the record as a whole however, does support the trial court's granting the city and NEORSD's joint motion for reconsideration and denying Windsor's motion to add D&M as an additional party-plaintiff.

{¶ 13} A party seeking to add a new party-plaintiff must have standing to file the original complaint. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38. The issue of standing establishes "whether a litigant is entitled to have a court determine the merits of the issues presented." *State ex rel. Teamsters Local Union No. 436 v. Bd. of Cty. Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, 969 N.E.2d 224, ¶ 10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320, 643 N.E.2d 1088 (1994). To demonstrate standing, a plaintiff must show the presence of three factors: "(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) the injury is likely to be redressed by the requested relief." *Moore v. Middletown*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 22. A person with standing has a real interest in the subject matter of the lawsuit. *Schwartzwald* at ¶ 22.

{¶ 14} Windsor was unable to show how it was injured by the defendants-appellees' alleged overcharging. Windsor lacked title to the property — D&M owned

the apartment building. A party without legal or equitable title in a property has no interest in claims stemming from that property. *LAME, Inc.*, 8th Dist. Cuyahoga No. 101566, 2015-Ohio-686, at ¶ 21. Additionally, Windsor was not responsible for payment of the bills. D&M paid the bills and all related litigation costs. Absent title to the real property and any involvement with payment of the disputed bills, Windsor had no injury related to the litigation and lacked standing.

{¶ 15} Without satisfying the first prong required for standing, Windsor could not file the original action or a motion to add a new party-plaintiff:

> Standing is required to invoke the jurisdiction of the common pleas court. Pursuant to Civ.R. 82, the Rules of Civil Procedure do not extend the jurisdiction of the courts of this state, and a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance.

*Schwartzwald* at ¶ 38. The record supports the trial court's ruling that the motion to amend the complaint was improper and should be denied.

{¶ 16} The record also supports the trial court's decision that the motion to add a new party-plaintiff was untimely. The motion was filed three years after the start of the litigation and one month after the discovery cut-off. The scheduled trial date was approximately four months after the motion's filing. Windsor knew from the time the lawsuit was initiated that D&M, not Windsor, was the owner of the apartment building and responsible for payment of the water and sewer bills. No indication was provided as to why D&M, the property owner, was not named as a plaintiff when the lawsuit was first filed. Windsor stated the proposed addition of D&M as a plaintiff would result in minimal supplemental discovery. However, it is

reasonable to expect the city and NEORSD would need, at a minimum, to depose the co-owner of D&M and pursue any necessary and additional related discovery past the discovery cut-off date.

{¶ 17} We find that the trial court's granting the city and NEORSD's joint motion for reconsideration was not an abuse of discretion; that the trial court did not err in ruling that the motion to add a new party-plaintiff was improper and untimely; and therefore, Windsor's first assignment of error is overruled.

## B. <u>Motions for Summary Judgment filed by the City and NEORSD</u>

{¶ 18} In its second and third assignments of error, Windsor contends the trial court erred when it granted motions for summary judgment in favor of the city and NEORSD.

{¶ 19} Generally, a trial court's decision to grant summary judgment is reviewed de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The reviewing court conducts an independent review of the record to determine whether summary judgment is appropriate. Summary judgment is appropriate under Civ.R. 56 when the moving party shows:

> (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

"[T]he moving party bears the initial burden of demonstrating that there are no

genuine issues of material fact concerning an essential element of the opponent's case." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party fails to satisfy this burden, the motion for summary judgment must be denied. *Id.* at 293. If the moving party satisfies its initial burden, the nonmoving party must then set forth specific facts showing that there is a genuine issue for trial. *Id.*

{¶ 20} Under its second assignment of error, Windsor argues the trial court erroneously found Windsor was not the customer contracting for water and sewer services and therefore lacked standing to file the lawsuit. Windsor claims it has a contract with the city and, as a result, Windsor has standing to bring the underlying lawsuit. Besides an allegation in its complaint that Windsor has a contract with NEORSD, Windsor has neither argued the existence of nor introduced any evidence in support of such a contract. We conclude no contract exists between Windsor and NEORSD.

{¶ 21} Windsor claims a contract between itself and the city exists based on "a combination of the [Cleveland Codified Ordinances], Windsor's request for water service, the [c]ity's provision of water service, the [c]ity's invoicing [Windsor, as agent of D&M,] for water service, and [D&M's] payment of water service." The referenced sections of the Cleveland Codified Ordinances read:

> 535.01(i). "Customer" means any person, partnership, corporation or association to whom or upon whose request water is supplied, including the premises so supplied with water.

535.30(a).  All charges for water shall be made against the premises supplied or against the customer contracting for the service.

{¶ 22} The city denies the existence of either an express or implied contract with Windsor.  No written agreement approved by Cleveland City Council has been introduced.  Moreover, a political subdivision in Ohio cannot be found liable under an implied contract, but can be bound only by a written agreement authorized through specific channels.  *Schmitt v. Edn. Serv. Ctr.*, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 18 (8th Dist.).  We conclude that the city is not liable under a theory of express or implied contract.

{¶ 23} The existence or nonexistence of a contract between the city and Windsor, by itself, does not determine standing.  Rather, standing requires a showing of an injury fairly traceable to the allegedly unlawful conduct and evidence that the injury is likely to be redressed by the requested relief.  *Moore*, 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, at ¶ 22.  "To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary."  *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9, quoting *Ohio Pyro, Inc. v. Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27.

{¶ 24} Windsor failed to establish it suffered an injury or damages due to the city and NEORSD's alleged overbillings.  Without an injury or personal stake in the outcome of the controversy, Windsor lacked standing to file the lawsuit against the city and NEORSD.  Windsor's second assignment of error lacks merit.

{¶ 25} In its third assignment of error, Windsor argues the trial court erred when it did not recognize Windsor as an agent of D&M authorized to pursue litigation in Windsor's name but on behalf of D&M.

{¶ 26} Specifically, Windsor argues that because it was acting as D&M's agent, Windsor had authority to file a lawsuit, in its own name but on behalf of D&M, against the city and NEORSD. Windsor relies on case law where R.C. 5715.19 authorizes individuals to file an action on behalf of a property owner to oppose a real property valuation. *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345. However, the case sub judice does not address a real property valuation suit and no statute exists to confer authority on Windsor to file the instant action on D&M's behalf.

{¶ 27} Windsor submits that *Merkle v. Eurez*, 10th Dist. Franklin No. 89AP-311, 1989 Ohio App. LEXIS 3878, 3 (Sept. 28, 1989), is dispositive on vesting Windsor with the necessary authority where it reads: "an agent representing an undisclosed principal may bring an action in his own name for the enforcement of any legal contract." *Id.*, quoting *Eichman v. Marshall*, 38 Ohio Law Abs. 398, 50 N.E.2d 379 (2d Dist.1942); 3 Ohio Jurisprudence 3d, Agency, Section 182 (1986). This case has not been cited as authority by any jurisdiction, including this court, in the past 30 years and is distinguishable from the instant matter. *Merkle* allowed an agent to bring an action in his own name to enforce a written contract. No written contract exists between Windsor and the city or NEORSD and, therefore, we find *Merkle* unpersuasive.

**{¶ 28}** Despite Windsor's arguments that it had standing because it was the agent to D&M, no case law supports this position. To establish standing, Windsor must demonstrate an injury or damage on its behalf that can be remedied through the lawsuit. Windsor did not pay the disputed water and sewer bills and was not damaged by the city or NEORSD. The trial court did not err when it did not recognize Windsor as an agent of D&M and found Windsor lacked standing. For the foregoing reasons, Windsor's third assignment of error is without merit.

**{¶ 29}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR